1  **MILBERG LLP**
   JEFF S. WESTERMAN (SBN 94559)
2  jwesterman@milberg.com
   NICOLE M. DUCKETT (SBN 198168)
3  nduckett@milberg.com
   300 South Grand, Suite 3900
4  Los Angeles, California 90071
   Telephone:  (213) 617-1200
5  Facsimile:  (213) 617-1975

6  *Counsel for Plaintiff Brittni Cottle-Banks*

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11
   BRITTNI COTTLE-BANKS,            )  Case No. SACV11- 1457 AG (ANx)
12                                  )
                    Plaintiff,      )  Pending in Western District of
13                                  )  Oklahoma - Case No. CIV-11-256-C
                                    )
14        v.                        )  NOTICE OF *EX PARTE*
                                    )  APPLICATION AND APPLICATION
15                                  )  FOR ORDER SHORTENING TIME
   PRATT COMMUNICATIONS, INC.,      )  TO HEAR AND BRIEF MOTION TO
16                                  )  COMPEL ENFORCEMENT OF
                    Defendant.      )  WITNESS SUBPOENA IN CENTRAL
17                                  )  DISTRICT OF CALIFORNIA RE
                                    )  ACTION PENDING IN WESTERN
18                                  )  DISTRICT OF OKLAHOMA
                                    )
19                                  )  [Proposed Order lodged concurrently
                                    )  herewith]
20                                  )
                                    )  [DISCOVERY MATTER]
21                                  )
                                    )  DATE:      TBD
22                                  )  TIME:      TBD
                                    )  CTRM.:     TBA
23                                  )  JUDGE:     TBA

24

25

26

27

28

FILED
CLERK, U.S. DISTRICT COURT

SEP 21 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

TO THE COURT, THE PARTIES AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff seeks an *ex parte* order shortening time for the briefing of Plaintiff's Motion to Compel Production of Documents and Rule 30(b)(6) Deposition Testimony From Pratt Communications, Inc. (the "Application") and requests that the Court hear Plaintiff's Motion on the day after Plaintiff's reply brief is filed, or as soon thereafter as it may be heard. The Application also seeks an order excusing the parties from following the procedures set forth in Local Rules 37-1 and 37-2 regarding the preparation and filing of a joint stipulation, and instead permitting the parties to brief the Motion to Compel through the expedited briefing process requested. This Application also asks the Court deem as filed the Notice of Motion and Motion to Compel attached hereto as Exhibit A, the Declaration of Matthew A. Kupillas attached hereto as Exhibit B, and the proposed Order attached hereto as Exhibit C. This Application is based upon the following memorandum of points and authorities, the exhibits thereto, and such other written or oral argument as may be presented.

Plaintiff's motion to compel is necessary because Pratt Communications, Inc. ("Pratt") has completely failed to comply with a subpoena lawfully issued out of the Central District of California, and has completely refused to meet-and-confer to resolve its objections to Plaintiff's subpoena. As discussed in further detail in the Memorandum of Points and Authorities, Pratt failed to appear for the properly-noticed deposition without excuse or leave from the Court. Plaintiff offered to reschedule the deposition on a date of Pratt's choosing, but Pratt refuses to appear on any date. Plaintiff offered to substantially narrow down the document requests in the subpoena, but Pratt refuses to even discuss the revised requests that Plaintiff proposed. Pratt gives no reason for its refusal to meet-and-confer in any meaningful way. Thus, Plaintiff has no choice but to move to compel.

NOTICE OF *EX PARTE* APPLICATION AND APPLICATION FOR ORDER SHORTENING TIME TO HEAR AND BRIEF MOTION TO COMPEL ENFORCEMENT OF WITNESS SUBPOENA IN CENTRAL DISTRICT OF CALIFORNIA RE ACTION PENDING IN WESTERN DISTRICT OF OKLAHOMA

Expedited treatment of the motion to compel is warranted in light of the upcoming discovery cut-off in the underlying action pending in the Western District of Oklahoma for which the subpoena was served.  Under the current case schedule, discovery ends on September 29, 2011.  Plaintiff's action on behalf of California Cox cable customers for violations of California consumer protection statutes, which was previously filed in the Southern District of California, was transferred to the Western District of Oklahoma in February 2011 and consolidated with other pre-existing antitrust actions pursuant to an order by the Judicial Panel on Multi-District Litigation.  As a result of that transfer, Plaintiff's action was essentially "shoehorned" into a case schedule that was designed for the actions already situated in Oklahoma, and which required Plaintiff to conduct discovery on an expedited basis, including the review of over six million pages of documents that had previously been produced in the antitrust actions.  Plaintiff has diligently pursued discovery under that schedule, and that discovery includes the issuance of the subpoena to Pratt, along with the issuance of three other subpoenas.  Pratt's refusal to comply with Plaintiff's subpoena (while the other three subpoenaed entities have complied) or to engage in meaningful meet-and-confer discussions has forced Plaintiff up against the discovery cutoff in the underlying action.  Accordingly, Plaintiff is forced to seek expedited treatment for her motion to compel.

## MEMORANDUM OF POINTS AND AUTHORITIES

By this *ex parte* Application, Plaintiff seeks an order from this Court shortening time for the determination of Plaintiffs' Motion to Compel Production of Documents and Rule 30(b)(6) Deposition Testimony From Pratt Communications, Inc. ("Motion to Compel").  An expedited schedule is needed in light of the upcoming end of discovery in the underlying action for which the

subpoena was served.  This Court has authority to prescribe a shorter time by which papers may be filed and Plaintiffs' Motion to Compel can be decided.

This motion arises from a subpoena (the "Subpoena") issued by Plaintiff in the United States District Court for the Central District of California to non-party Pratt, seeking the production of documents and a deposition of a representative of Pratt concerning a subject that is central to the action titled *Cottle-Banks v. Cox Communications, Inc.*, Case No. CIV-11-256-C, pending in the United States District Court for the Western District of Oklahoma (the "Underlying Action").

The Underlying Action asserts claims against Cox Communications, Inc. ("Cox") for damages for charging its cable television customers for converter boxes and/or remote controls without first specifically disclosing the equipment offered and the prices to be charged for that equipment, and without first obtaining its customers' acceptance of the equipment and prices, in violation of the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §543(f).

Evidence produced in the Underlying Action shows that Pratt was one of a handful of companies that installed and serviced Cox's cable television service and equipment for customers in California.  Plaintiff seeks evidence from Pratt concerning Cox's training and instructions to Pratt installers about those installers' disclosure of the prices of cable converter boxes and remote controls to Cox's customers during the installers' visits to customers' homes.

The Declaration of Matthew A. Kupillas in Support of Plaintiff's Motion to Compel Production of Documents and Fed. R. Civ. P. 30(b)(6) Deposition Testimony From Pratt Communications, Inc., attached hereto as Exhibit B, sets forth the chronology of the discussions between Plaintiff's counsel and Pratt's counsel concerning Pratt's lack of compliance with the Subpoena.  The Subpoena to Pratt, Pratt's objections to the Subpoena, and correspondence between counsel are attached as exhibits to the Kupillas Declaration.  Relevant documents from the

Underlying Action, including the operative complaint and case scheduling order, are also attached as exhibits to the Kupillas Declaration.

Despite significant efforts by Plaintiff's counsel to meet and confer with Pratt and to meet Pratt's objections to the Subpoena, Pratt has completely refused to cooperate with Plaintiff with regard to the scheduling of Pratt's deposition or with regard to identifying its specific objections to the document requests in the Subpoena.  Kupillas Decl. ¶¶ 7, 9-14.   Pratt did not appear for the deposition that was properly noticed for September 2, 2011, despite the fact that Pratt did not file a motion to quash or a motion for protective order that would have excused its failure to appear.  *Id.* at ¶ 8.   Plaintiff contacted Pratt's counsel in order to reschedule the deposition for a date in September of Pratt's choosing, but Pratt completely refuses to discuss rescheduling the deposition.   *Id.* at ¶¶ 9-16.  Plaintiff's counsel also proposed revised document requests that addressed Pratt's concerns about the breadth and specificity of the Subpoena and about the potential burden of producing responsive documents, but Pratt has refused to even discuss those revised requests or the specific substance of its objections. *Id.*  This has left Plaintiff no choice but to move to compel Pratt to comply with the Subpoena.

An expedited briefing schedule and hearing date for the Motion to Compel are warranted due to a discovery cut-off of September 29, 2011 in the Underlying Action.   The Underlying Action was transferred to the Western District of Oklahoma in February 2011 and was consolidated with other actions already filed in that District.   *See* Kupillas Decl. Exh. 8 (Transfer Order). As a result, the Underlying Action was put on a schedule that was designed for those other actions (which had been ongoing for approximately 18 months), which has forced Plaintiff to engage in expedited discovery.  Plaintiff has diligently pursued discovery, which has included the review of over six million pages of documents that had previously been produced in the antitrust actions.  Plaintiff's Subpoena was issued in a timely

manner, and if Pratt had complied with the Subpoena or had engaged in the meet-and-confer process in a meaningful way, Plaintiff would have obtained the required discovery from Pratt within the current discovery period.  Pratt's refusal to comply or to engage in the meet-and-confer process has forced Plaintiff up against the discovery cut-off, and has forced Plaintiff to seek an expedited schedule for her Motion to Compel.  Plaintiff intends to seek a limited extension of discovery in the Underlying Action in order to allow Pratt's deposition and document production to occur shortly after September 29.  However, Plaintiff has no assurance that the Court in the Underlying Action will grant any significant extension of time for discovery.  Thus, Plaintiff must seek an expedited schedule for her Motion to Compel.

Plaintiff further requests that, in light of the impending discovery cut-off of September 29, 2011 in the Underlying Action, and in light of Pratt's refusal to discuss its specific objections to Plaintiff's Subpoena during counsel's efforts to meet and confer, Plaintiff and Pratt be excused from following the procedures set forth in Local Rules 37-1 and 37-2 regarding the preparation and filing of a joint stipulation, and instead be permitted to brief this motion through the expedited briefing process requested herein.  Plaintiff believes that under the present circumstances, the traditional briefing process would be the most expeditious method for briefing the Motion to Compel.

Plaintiff requests that this Court order the briefing schedule as follows:

- Pratt to respond to Plaintiff's Motion to Compel within five days from date of this Court's order;

- Plaintiff to file a reply within two days from date of Pratt's response[1]; and

---

[1] Should the due date for the response or reply fall on a weekend or holiday, the earlier business day prior to the weekend or holiday is the operative due date.

1   • The parties shall appear for a hearing on Plaintiff's motion to compel on

2   the day after the due date for Plaintiff's reply, or as soon thereafter as it

3   may be heard.

4   Plaintiff further requests that, upon granting this Application, the Court

5   deem as filed the Notice of Motion and Motion to Compel attached hereto as

6   Exhibit A, the Declaration of Matthew A. Kupillas attached hereto as Exhibit B,

7   and the proposed Order attached hereto as Exhibit C.

8   Counsel for Pratt is:

9       Russell J. Thomas, Jr.
        Law Office of Russell J. Thomas, Jr.
10      4121 Westerly Place, Suite 101
        Newport Beach, CA  92660
11      Tel.:  (949) 752-0101
        Fax:  (949) 257-4756
12      E-mail:  RThomas@EmplmntAttorney.com

13   Pursuant to Local Rule 7-19.1, Plaintiff's counsel Matthew A. Kupillas

14   called to advise Pratt's counsel about the date and substance of this Application.

15   Pratt's counsel informed Plaintiff's counsel that Pratt opposes this Application.

16   DATED: September 21, 2011          **MILBERG LLP**
                                        JEFF S. WESTERMAN
17                                      NICOLE M. DUCKETT

18

19                                      _____

20                                           NICOLE M. DUCKETT

21                                      One California Plaza

22                                      300 S. Grand Avenue, Suite 3900

                                        Los Angeles, CA  90071
23
                                        Telephone: (213) 617-1200
24                                      Facsimile:  (213) 617-1975

25                                      Email: jwesterman@milberg.com
                                        nduckett@milberg.com
26
                                        *Counsel for Plaintiff Brittni Cottle-Banks*
27

28                                      6

---

NOTICE OF *EX PARTE* APPLICATION AND APPLICATION FOR ORDER SHORTENING TIME TO HEAR AND
BRIEF MOTION TO COMPEL ENFORCEMENT OF WITNESS SUBPOENA IN CENTRAL DISTRICT OF
CALIFORNIA RE ACTION PENDING IN WESTERN DISTRICT OF OKLAHOMA

# EXHIBIT A

**MILBERG LLP**
JEFF S. WESTERMAN (SBN 94559)
jwesterman@milberg.com
NICOLE M. DUCKETT (SBN 198168)
nduckett@milberg.com 300 South Grand, Suite 3900
Los Angeles, California 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

*Counsel for Plaintiff Brittni Cottle-Banks*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNI COTTLE-BANKS,<br><br>Plaintiff,<br><br>v.<br><br>PRATT COMMUNICATIONS, INC.,<br><br>Defendant. | Case No. SACV 11-1457 AG (ANx)<br><br>Pending in Western District of Oklahoma - Case No. CIV-11-256-C<br><br>PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.<br><br>DATE:      TBD<br>TIME:      TBD<br>CTRM.:    TBA<br>JUDGE:    TBA<br><br>Discovery Cutoff: September 29, 2011<br>Pretrial Conference Date: Not set<br>Trial Date: January 2012 |

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572121v2

# <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTORY STATEMENT ................................................................. 1

II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY...................... 3

    A.    Summary of the Underlying Action...................................................... 3

    B.    Pratt's Role in the Events at Issue in the Underlying Action .............. 3

    C.    Pratt's Refusal to Comply With the Subpoena .................................... 4

III.  LEGAL ARGUMENT ................................................................................. 6

    A.    The Subpoena Provided Sufficient Notice of Deposition, and Plaintiff's Offer to Reschedule the Deposition at Pratt's Convenience Negates Any Objection Over Adequate Notice............. 6

    B.    The Document Requests, as Modified by Plaintiff, Are Not Objectionable .................................................................................... 8

IV.   CONCLUSION ......................................................................................... 10

DOCS\572121v2

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that as soon the matter may be heard before the

3   Court, or telephonically or at such other location as the Court shall specify,

4   Plaintiff Brittni Cottle-Banks ("Plaintiff") will move for an order compelling Pratt

5   Communications, Inc. ("Pratt") to produce documents, produce a witness for a

6   deposition and otherwise comply with a subpoena issued pursuant to Fed. R. Civ.

7   P. 45.

8       Plaintiff makes this Motion pursuant to Fed. R. Civ. P. 37.  As more fully set

9   forth in the accompanying memorandum of points and authorities, Plaintiff

10   certifies that she met and conferred in good faith concerning the subject of this

11   dispute but was unable to resolve their differences.

12       This Motion is based on this Notice of Motion, the memorandum of points

13   and authorities, the Declaration of Matthew A. Kupillas and its accompanying

14   exhibits, and such written or oral argument as may be presented.

15   DATED: September 21, 2011      **MILBERG LLP**

16                            JEFF S. WESTERMAN
                              NICOLE M. DUCKETT

17

18                             NICOLE M. DUCKETT

19

20                        One California Plaza
                        300 S. Grand Avenue, Suite 3900

21                        Los Angeles, CA  90071
                        Telephone: (213) 617-1200

22                        Facsimile:  (213) 617-1975
                        Email: jwesterman@milberg.com

23                        nduckett@milberg.com

24                        *Counsel for Plaintiff Brittni Cottle-Banks*

25

26

27

28

# I.    INTRODUCTORY STATEMENT

After significant efforts to obtain relevant documents and a deposition of a representative of non-Pratt Communications, Inc. ("Pratt"), Plaintiff now moves to compel Pratt to produce its person most knowledgeable for a deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and to produce documents in response to Plaintiff's document requests.

This motion arises from a subpoena (the "Subpoena", Kupillas Decl.[1] Exh. 1) issued by Plaintiff in the United States District Court for the Central District of California to non-party Pratt, seeking the production of documents and a deposition of a representative of Pratt concerning a subject that is central to the action titled *Cottle-Banks v. Cox Communications, Inc.*, Case No. CIV-11-256-C, pending in the United States District Court for the Western District of Oklahoma (the "Underlying Action").

The Underlying Action asserts claims against Cox Communications, Inc. ("Cox") for damages for charging its cable television customers for converter boxes and/or remote controls without first specifically disclosing the equipment offered and the prices to be charged for that equipment, and without first obtaining its customers' acceptance of the equipment and prices, in violation of the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 543(f). Evidence produced in the Underlying Action shows that Pratt was one of a handful of companies that installed and serviced Cox's cable television service and equipment for customers in California.    Plaintiff seeks evidence from Pratt concerning Cox's training and instructions to Pratt installers about those installers'

---

[1] All citations herein to the "Kupillas Declaration" or the "Kupillas Decl." are to the Declaration of Matthew A. Kupillas in Support of Plaintiff Brittni Cottle-Banks' Motion to Compel and the exhibits thereto, filed concurrently herewith.

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572121v2

disclosure of the prices of cable converter boxes and remote controls to Cox's customers during the installers' visits to customers' homes.

Pratt did not appear for the scheduled deposition, and did not file a motion to quash the Subpoena or for a protective order. Instead, Pratt served two general objections to the Subpoena: (1) that it had not received reasonable notice of the deposition, and (2) that the document requests in the Subpoena were "overbroad, burdensome, vague, and oppressive." *See* Objection of Deponent Pratt Communications, Inc., Kupillas Decl. Exh. 5. Plaintiff's counsel attempted to work with Pratt's counsel to resolve those objections: Plaintiff offered to reschedule the deposition on a date in September 2011 that was agreeable to Pratt, and Plaintiff proposed revised document requests that addressed Pratt's concerns about the breadth and specificity of the Subpoena and about the potential burden of producing responsive documents.

At least initially, Pratt's counsel indicated that Pratt was willing to work with Plaintiff to resolve its objections to the Subpoena. However, despite Plaintiff's offers to modify the Subpoena to meet Pratt's conclusory objections, Pratt has now refused to engage in further discussion of the Subpoena, and has informed Plaintiff's counsel that it does not intend to comply with the Subpoena.

Pratt's complete refusal to cooperate with Plaintiff's reasonable efforts to meet Pratt's concerns has left Plaintiff no choice but to move to compel Pratt to comply with the Subpoena. Pursuant to the current scheduling Order in the Underlying Action, all discovery in the Underlying Action must be completed by September 29, 2011. Kupillas Decl. Exh. 3. Plaintiff intends to seek a limited extension of discovery in the Underlying Action in order to allow Pratt's deposition and document production to occur shortly after September 29.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572121v2

Accordingly, Plaintiff respectfully requests that the Court order Pratt to fully comply with the Subpoena within 14 days of the Court's ruling.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

### A.   Summary of the Underlying Action

The Underlying Action is a California consumer protection action to restore to Plaintiff and members of the proposed class money Cox obtained from them in violation of federal law.  *See* Plaintiff's Amended Class Action Complaint in the Underlying Action, Kupillas Decl. Exh. 2).  Cox provides cable television service to consumers in California, including Plaintiff.  After Plaintiff's cable service began, Cox charged Plaintiff monthly rental fees for a cable converter box placed in her home.

Cox's charging of these rental fees, however, violated § 623(f) of the Federal Cable Television Consumer Protection and Competition Act, 47 U.S.C. § 543(f) ("§ 543(f)").  Section 543(f) requires that before a cable operator may charge a customer for cable equipment, the cable operator must specifically disclose the equipment offered and the prices to be charged, and the customer must respond affirmatively, either orally or in writing, accepting the offer of the equipment and prices.  Plaintiff contends that Cox did not satisfy either of these requirements before charging her rental fees for the converter box installed in her home.  *See* Amended Complaint at ¶ 7.  Plaintiff brings this case as a proposed class action, alleging that Cox has a uniform practice of not satisfying either of these requirements before charging its California customers rental fees for equipment in their homes.  *See, e.g.*, Amended Complaint at ¶¶ 25-27.

### B.   Pratt's Role in the Events at Issue in the Underlying Action

Pratt is a California company that provides cable installation technicians to Cox in the state of California pursuant to contract.  Plaintiff understands that Pratt

3

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572121v2

trains its own technicians regarding how Pratt technicians are to communicate with Cox's customers at time of installation.  Plaintiff seeks to inquire into Pratt's instructions from Cox as to what specifically Pratt technicians are trained to tell customers with regard to the rental cost of converter boxes and additional converter boxes to be installed in a Cox customer's residence.  Plaintiff further seeks to determine what supervision Cox maintains with regard to the training and the actual implementation by the technicians of their training.  Plaintiff also seeks any quality control by Cox of which Pratt is aware.  This information from Pratt is relevant to determine what procedures were in place at Pratt (as an agent of Cox) to inform Cox customers of the costs of converter rentals and whether any training was given as to the procedure for Pratt technicians to record acknowledgement and approval of the equipment and its costs by Cox's customers.

## C.   Pratt's Refusal to Comply With the Subpoena

Plaintiff properly served Pratt with the Subpoena on August 22, 2011. Kupillas Decl. Exh. 4.  The Subpoena seeks a deposition of a representative of Pratt who is most knowledgeable about topics relevant to the Underlying Action, as set forth in Exhibit A to the Subpoena, and seeks production of certain documents relevant to the Underlying Action, as set forth in Exhibit B to the Subpoena.  The deposition was noticed for September 2, 2011, and the Subpoena called for responsive documents to be produced by the date of the deposition.

On August 28, 2011, Pratt, through its counsel Russell J. Thomas, Jr., served its Objection to the subpoena.  *See* Kupillas Decl. Exh. 5.  Pratt objected on only two general grounds:   (1) that it had not received reasonable notice of the deposition, and (2) that "[t]he Request for Production of Documents accompanying the Subpoena is overbroad, burdensome, vague, and oppressive."  *Id.* at 2.  Pratt did not make any specific objections to individual document requests or deposition

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572121v2

1    topics; instead, it only made the two general objections to the Subpoena.  *Id.*  Pratt

2    did not appear for deposition on September 2, 2011, not did it produce any

3    responsive documents.  Pratt did not move, and to date has not moved, to quash the

4    Subpoena or for a protective order that would excuse its failure to appear at the

5    deposition.  Kupillas Decl. ¶ 8.

6         Plaintiff's counsel contacted Pratt's counsel on September 6, 2011, in order

7    to try to resolve Pratt's objections.  Kupillas Decl. ¶ 9.  Plaintiff offered to resolve

8    Pratt's first objection to the Subpoena by rescheduling the deposition on a date that

9    was agreeable to Pratt, although Plaintiff informed Pratt's counsel that due to the

10   impending close of fact discovery in the Underlying Action, the deposition would

11   have to occur on or prior to the close of fact discovery on September 29, 2011.  *Id.*

12   Pratt's counsel stated that he would speak with Pratt concerning available

13   deposition dates in September.  *Id.*

14        In response to Pratt's objections, and pursuant to conversations with Pratt's

15   counsel, Plaintiff proposed modified document requests and deposition topics that

16   were significantly more narrowly-drawn in order to minimize any vagueness,

17   overbreadth, or undue burden on Pratt in complying with the Subpoena.   On

18   September 14, 2011, Plaintiff's counsel sent an e-mail to Pratt's counsel setting

19   forth these modified document requests and deposition topics.  Kupillas Decl. Exh.

20   12.  Plaintiff's counsel received no response from Pratt to these proposals.

21        On September 16, 2011, Pratt's counsel informed Plaintiff's counsel that

22   Pratt did not intend to appear for a deposition or to produce any documents.

23   Kupillas Decl. ¶ 14.  Pratt's counsel acknowledged that Plaintiff's counsel had

24   proposed more narrowly-drawn document  requests, but stated that despite those

25   modified requests, Pratt did not intend to appear or produce documents because the

26   Subpoena was a "fishing expedition".  *Id.*  Pratt's counsel stated that he would not

27

28

5

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572121v2

engage in further effort to negotiate the terms of the document requests. *Id.* Plaintiff's counsel informed Pratt's counsel that Plaintiff would be filing a motion to compel Pratt's compliance with the Subpoena. *Id.*

## III.   LEGAL ARGUMENT

### A.   The Subpoena Provided Sufficient Notice of Deposition, and Plaintiff's Offer to Reschedule the Deposition at Pratt's Convenience Negates Any Objection Over Adequate Notice

Rule 45(c)(3)(A) states that "[o]n timely motion, the issuing court must quash or modify a subpoena that . . . fails to allow a reasonable time to comply".

Pratt cannot refuse to comply with the Subpoena based on the purported lack of adequate notice for its deposition. As an initial matter, Pratt's failure to appear at the scheduled deposition on September 2, 2011 was not excused by any Court order, and therefore, violated the Federal Rules of Civil Procedure. "Unless a party or witness files a motion for a protective order and seeks and obtains a stay *prior* to the deposition, a party or witness has no basis to refuse to attend a properly noticed deposition." *In re Toys R Us-Delaware, Inc. Fair & Accurate Credit Transactions Act (FACTA) Litig.*, No. ML 08-1980 MMM (FMOx), 2010 WL 4942645 at *3 (C.D. Cal. July 29, 2010) (collecting cases) (emphasis in original); *see also Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("[I]t is for the court, not the deponent or his counsel, to relieve him of the duty to appear."). Rule 45(c)(3)(A) clearly states that a subpoena that fails to allow a reasonable time to comply can only be quashed or modified by "timely motion."[2] Having failed to move to quash or for a protective order prior to the scheduled

---

[2] Rule 45(c)(2)(B), which shifts the burden to the serving party to move to compel following receipt of timely objections, explicitly applies only to requests for production of documents, not to subpoenas for appearance at depositions.

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572121v2

deposition as required, Pratt's objections to the deposition should not be heard now.[3]

The Subpoena, as originally drafted, provided eleven (11) days notice between the date of service (August 22, 2011) and the date of the deposition (September 2, 2011). Eleven days is sufficient notice in California for a deposition pursuant to subpoena. *See* Schwarzer, Tashima & Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial*, § 11-164 (2007) (10 days is minimum "reasonable" notice); Cal. Code of Civ. Proc. § 2025.270(a) ("An oral deposition shall be scheduled for a date at least 10 days after service of the deposition notice.").

But, more importantly, Pratt's objection fails because **Plaintiff offered to reschedule Pratt's deposition on a date in September that was acceptable to Pratt**. Plaintiff's counsel first spoke with Pratt's counsel on September 6, 2011, and on that phone call, Plaintiff's counsel offered to reschedule the deposition on any date in September prior to the close of fact discovery on September 29, 2011 (except for September 26). Kupillas Decl. ¶ 9. Thus, Pratt was given as much as twenty-two (22) days notice for the deposition, which is more than sufficient notice. *See*, *e.g.*, *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, No. MISC 08-3479ARR)(MDG), 2010 U.S. Dist. LEXIS 40653, at *18 (E.D.N.Y. Feb. 5, 2010) ("Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable in light of the language of Rule 45(c)(2)(B).") (collecting cases). Pratt cannot argue that it

---

[3] Further, Pratt cannot argue that it had insufficient time to move to quash prior to the scheduled deposition date. *See Pioche Mines Consol.*, 333 F.2d at 269 ("Rule 30(b) places the burden on the proposed deponent to get an order, not just to make a motion. And if there is not time to have his motion heard, the least that he can be expected to do is to get an order postponing the time of the deposition until his motion can be heard.").

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572121v2

was not afforded sufficient notice for a deposition when it was allowed to select the date of that deposition.

## B. The Document Requests, as Modified by Plaintiff, Are Not Objectionable

Federal Rule of Civil Procedure 45(c)(3)(A) also states that a court "must quash or modify a subpoena that . . . subjects a person to undue burden." In determining whether a subpoena poses an undue burden, courts "weigh the burden to the subpoenaed party against the value of the information to the serving party." *Travelers Indem. Co. v. Met. Life Ins.*, 228 F.R.D. 111, 113 (D. Conn. 2005). Generally, this requires consideration of "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citation omitted).

Plaintiff's document requests are not unduly burdensome. In fact, in response to Pratt's objections, Plaintiff proposed revised document requests that are highly particularized and would negate any possible undue burden on Pratt.

On September 14, 2011, Plaintiff's counsel proposed the following revised document requests (the "Requests") to Pratt's counsel:

1. All documents which concern, relate or refer to any training or instruction your field technicians and other employees received at any time during the Class Period, either from you or from Cox, concerning communications between your employees and Cox's customers in California regarding the price(s) of Cox's cable equipment.

2. All communications between you and Cox during the Class Period concerning communications between you (including without limitation your field technicians and other employees) and

8

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572121v2

Cox's customers in California regarding the price(s) of Cox's cable equipment.

3.      All documents which you (including without limitation your field technicians and other employees) provided or showed to Cox's customers in California during the Class Period concerning the price(s) of Cox's cable equipment.

4.      Ten (10) sample work orders/service orders for the installation and/or servicing of Cox's cable equipment in California for each calendar year during the Class Period.

Kupillas Decl. Exh. 6 (09/14/11 e-mail from M. Kupillas to R. Thomas).

These Requests are not a "fishing expedition" and are not overly broad. All of the Requests focus on the narrow issue of what Pratt's field technicians and other employees were trained or instructed to tell (or show) Cox's customers in California about the prices of Cox's cable equipment. This issue is central to Plaintiff's claims and Cox's defenses in the Underlying Action.[4]

Producing the requested documents would not be unduly burdensome. The Requests seek production of a limited set of materials: training materials, correspondence with Cox concerning training and instruction of field technicians and other Pratt employees about the disclosure of pricing information to Cox customers, sample work orders which may contain information about the prices of Cox's cable equipment (and which may have been shown to Cox customers by

---

[4] *See Oppenheimer Fund, Inc. v. Sander*s, 437 U.S. 340, 351 (1978) (relevancy has been construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case") (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 681 (N.D. Cal. 2006) ("'A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt . . . the court should be permissive.'") (citation omitted).

Pratt employees) and other documents that Pratt employees showed to Cox's customers containing information about the prices of Cox's cable equipment. The Requests are also limited in time to the Class Period of the Underlying Action (the period from October 13, 2006 to the present). This is a finite set of documents, and Pratt should be able to gather and produce these documents without undue burden.

Pratt has not even attempted to explain why producing the requested documents would be unduly burdensome or otherwise objectionable. Pratt's one-sentence objection to the document requests (Kupillas Decl. Exh. 5at 2) is wholly conclusory and insufficient, and Pratt's counsel has refused to discuss Pratt's specific objections to the Requests (Kupillas Decl. ¶ 14). Having failed to explain why the requested production would be unduly burdensome, Pratt's boilerplate objections should be rejected. *See Burlington N. & Santa Fe Ry. Co. v. United States Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); *A. Farber & Partners Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (objections that document requests are overly broad, burdensome, oppressive, and irrelevant are insufficient to meet the objecting party's burden of explaining why discovery requests are objectionable).

## IV.   <u>CONCLUSION</u>

The facts here do not justify Pratt's refusal to appear for a deposition or to produce the requested documents. For reasons stated above, Plaintiff respectfully requests that the Court grant her motion to compel, and order Pratt to produce documents responsive to the Requests and to cause its most knowledgeable

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572121v2

1  representative with regard to the subjects listed in Exhibit A to the Subpoena to

2  appear for a deposition within 14 days of the Court's Order.

3  DATED: September 21, 2011

**MILBERG LLP**
JEFF S. WESTERMAN
NICOLE M. DUCKETT

NICOLE M. DUCKETT

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
Email: jwesterman@milberg.com
nduckett@milberg.com

*Counsel for Plaintiff Brittni Cottle-Banks*

11

# EXHIBIT B

1   **MILBERG LLP**
JEFF S. WESTERMAN (SBN 94559)
2   jwesterman@milberg.com
NICOLE M. DUCKETT (SBN 198168)
3   nduckett@milberg.com 300 South Grand, Suite 3900
Los Angeles, California 90071
4   Telephone: (213) 617-1200
Facsimile: (213) 617-1975
5
*Counsel for Plaintiff Brittni Cottle-Banks*
6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11

12   BRITTNI COTTLE-BANKS,                    ) Case No. SACV11-1457 AG (ANx)
                                              )
13                         Plaintiff,         ) Pending in Western District of
                                              ) Oklahoma - Case No. CIV-11-256-C
14                                            )
               v.                             ) DECLARATION OF MATTHEW A.
15                                            ) KUPILLAS IN SUPPORT OF
                                              ) PLAINTIFF BRITTNI COTTLE-
16   PRATT COMMUNICATIONS, INC.,              ) BANKS' MOTION TO COMPEL
                                              ) PRODUCTION OF DOCUMENTS
17                         Defendant.         ) AND FED. R. CIV. P. 30(b)(6)
                                              ) DEPOSITION TESTIMONY FROM
18                                            ) PRATT COMMUNICATIONS, INC.
                                              )
19                                            ) DATE:      TBD
                                              ) TIME:      TBD
20                                            ) CTRM.:     TBA
                                              ) JUDGE:     TBA
21                                            )
                                              ) Discovery Cutoff: September 29, 2011
22                                            ) Pretrial Conference Date: Not set
                                              ) Trial Date: January 2012
23

24

25

26

27

28

---

I, Matthew A. Kupillas, declare as follows:

1.      I am an attorney admitted to practice in the State of New York.  I am a partner of the law firm of Milberg LLP ("Milberg"), attorneys for Plaintiff Brittni Cottle-Banks in the action entitled *Cottle-Banks v. Cox Communications, Inc., et al.*, Case No. CIV-11-256-C, filed in the United States District Court for the Western District of Oklahoma (the "Underlying Action").

2.      I submit this declaration in support of Plaintiff's Motion to Compel Production of Documents and Fed. R. Civ. P. 30(b)(6) Deposition Testimony From Pratt Communications, Inc.  I have personal knowledge of the matters stated herein, and would competently testify thereto if called to do so.

3.      Attached hereto as Exhibit 1 is a true and correct copy of the subpoena issued by Plaintiff to Pratt Communications, Inc. ("Pratt") on August 19, 2011 (the "Subpoena"). The Subpoena calls for Pratt to produce a witness to appear for a deposition pursuant to Rule 30(b)(6) and Rule 45 of the Federal Rules of Civil Procedure on September 2, 2011 to testify on Pratt's behalf regarding the topics listed in Schedule A to the Subpoena.  The Subpoena also calls for Pratt to produce the documents identified in Schedule B to the Subpoena.

4.      Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's Amended Class Action Complaint for Restitution and Injunctive Relief For Unlawful Business Practices, filed in the Underlying Action on July 20, 2011.

5.      Attached hereto as Exhibit 3 is a true and correct copy of the scheduling Order entered by the Court in the Underlying Action on March 21, 2011.  Pursuant to that Order, discovery is to be completed by September 29, 2011.

6.      Attached hereto as Exhibit 4 is a true and correct copy of the Proof of Service for the Subpoena.

7.      On August 28, 2011, my colleague Peggy Wedgworth received, by e-mail, the Objection of Deponent Pratt Communications, Inc. to Subpoena to

Testify at a Deposition in a Civil Action (the "Objection").  A true and correct copy of the Objection is attached hereto as Exhibit 5.   The Objection is signed by Russell J. Thomas, Jr., of the Law Office of Russell J. Thomas, Jr., as attorneys for Pratt Communications, Inc. ("Pratt").

8.      Pratt did not appear for deposition on the scheduled date of September 2, 2011, nor has it produced any responsive documents as of the date of this Declaration.  Pratt has not moved to quash the Subpoena or for a protective order that would excuse its failure to appear at the deposition.

9.      On September 6, 2011, I called Mr. Thomas on the telephone at his office in Newport Beach, California.  On that call, Mr. Thomas informed me that Pratt believes that the document requests in the Subpoena are overbroad and unduly burdensome, and that he wanted Plaintiff to narrow down the document requests in the Subpoena.  I told Mr. Thomas that I would attempt to do so.  On the call, I informed Mr. Thomas that under the current scheduling order in the Underlying Action, discovery ends on September 29, 2011, and that we would like to schedule his client's deposition and document production prior to the close of discovery.  I informed Mr. Thomas that Plaintiff's counsel were available to hold the deposition on any day prior to September 29, 2011 (except for September 26).  Mr. Thomas stated that he would speak with Pratt regarding its availability for a deposition in September.

10.     On September 9, 2011, I spoke again with Mr. Thomas on the telephone.  Mr. Thomas told me that he had not yet spoken with Pratt about its availability for a deposition.   On the call, we discussed ways in which the document requests could be narrowed in order to address his client's objections.

11.     On September 12, 2011, I again spoke with Mr. Thomas by telephone. Mr. Thomas informed me that while he had spoken with Pratt, he had not yet asked his client for available dates for the deposition.  Mr. Thomas again told me that we

would need to clarify the document requests in the Subpoena.  I asked Mr. Thomas to speak with his client about available deposition dates while we worked through the objections to the document requests.  Mr. Thomas told me that he would do so.

12.    On September 14, 2011, I sent Mr. Thomas an e-mail, a true and correct copy of which is attached hereto as Exhibit 6.  In the e-mail, I proposed narrowed document requests and deposition topics in order to address Pratt's objections to the Subpoena.  At the end of the e-mail, I asked Mr. Thomas to respond to my proposal so that we could discuss moving ahead with the subpoena. (My e-mail incorrectly identified Mr. Thomas' client as "Sunshine Communications", not Pratt.)

13.    On September 14, 2011, after I sent the e-mail to Mr. Thomas, I called his office and left a message with one of the employees at his office asking Mr. Thomas to call me.  I did not receive a return phone call from Mr. Thomas on September 14, nor did I receive a return call from him on September 15 or 16, 2011.

14.    On September 16, 2011, I called Mr. Thomas at his office.  Mr. Thomas informed me that Pratt does not intend to appear for a deposition, and does not intend to produce documents in response to the Subpoena.  Mr. Thomas acknowledged that he received my e-mail from September 14 in which I proposed significantly-narrowed deposition topics and document requests in order to address his client's objections, but that despite those revised topics and requests, his client does not intend to comply with the Subpoena.  Mr. Thomas told me that he believes the deposition is a "fishing expedition".  In response, I explained that Plaintiff is seeking his client's deposition and documents in order to elicit testimony and documentary evidence on a narrow subject matter which is directly relevant to Plaintiff's claims in the Underlying Action.  Mr. Thomas reiterated that Pratt will neither appear for a deposition nor produce responsive documents.  Mr.

3

Thomas stated that he would not engage in further effort to negotiate the terms of the document requests. I informed Mr. Thomas that Plaintiff would likely be filing a motion to compel his client's compliance with the Subpoena.

15. On September 16, 2011, following our telephone conversation, I sent Mr. Thomas an e-mail, a true and correct copy of which is attached hereto as Exhibit 7. In that e-mail, I informed Mr. Thomas that Plaintiff intends to file a motion to compel his client's compliance with the Subpoena. In my e-mail, I also informed Mr. Thomas that I considered our phone conversation earlier that day to be our "meet-and-confer" discussion with regard to the motion to compel.

16. Attached hereto as Exhibit 8 is a true and correct copy of the Transfer Order issued in the Underlying Action on February 4, 2011.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 21st day of September, 2011.

MATTHEW A. KUPILLAS

KUPILLAS DECL. ISO OF PLAINTIFF BRITTNI COTTLE-BANKS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572230v1

# EXHIBIT 1

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Central District of California

| | |
|---|---|
| BRITTNI COTTLE-BANKS, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| COX COMMUNICATIONS, INC., et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   CIV-11-256-C

(If the action is pending in another district, state where:

Western District of Oklahoma        )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Pratt Communications, Inc., c/o Kevin John Pratt, Agent for Service of Process, 2913 Tech Center Drive, Santa Ana, CA 92705

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A

| Place: 300 S. Grand Avenue, Suite 3900<br>Los Angeles, CA 90071 | Date and Time:<br>09/02/2011 10:00 am |
|---|---|

The deposition will be recorded by this method:   stenographically and by video

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Schedule B

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   08/19/2011

CLERK OF COURT

OR

_____          s/ Peggy J. Wedgworth
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Brittni Cottle-Banks
, who issues or requests this subpoena, are:

Peggy J. Wedgworth, Milberg LLP, 1 Pennsylvania Plaza, New York, NY 10119
pwedgworth@milberg.com; (646) 515-1269

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  CIV-11-256-C

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                                              *Server's signature*

                                      _____
                                              *Printed name and title*

                                      _____
                                              *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

I.    DEFINITIONS

The following definitions shall apply to each of the topics set forth below:

1.    "Cox" means defendant Cox Communications, Inc., and its parents, subsidiaries, divisions, subdivisions, branches, segments, affiliates, predecessors, successors, assigns, officers, employees, directors, agents, representatives, attorneys, accountants, partners, related entities, and any entity operated or controlled by Cox.

2.    "Document" is synonymous with and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a) and includes, but is not limited to, any chart, paper, graph, sketch, drawing, photograph, microfilm, index, data, sheet, diary, forecast, account, analysis, minute or record of meetings or conferences, appraisal, summary, contract projection, press release, or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, including electronic documents and data, preliminary versions, drafts, and revisions.

3.    "Communicate" and "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise) by any means, including but not limited to, any meeting, conversation, discussion, conference, correspondence, message, or other written or oral transmission, exchange, or transfer of information in any form between two or more persons, including in person or by telephone, facsimile, telegraph, telex, e-mail or other medium.

DOCS\568556v1                           - 1 -

4.    "Person" means natural persons, proprietorships, governmental agencies, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

5.    "Concerning" means relating to, referring to, pertaining to, impinging upon, reflecting, describing, evaluating, memorializing, embodying, or constituting.

6.    "Class Period" means the time period from October 13, 2006, to the present.

7.    "YOU" and "YOUR" refer to the non-party witness to whom this subpoena is directed, and any of its current or former members, parents, subsidiaries, divisions, subdivisions, affiliates, predecessors, officers, employees, directors, partners, representatives, agents, attorneys, advisors, affiliates, and any other person acting or purporting to act on its behalf.

II.    RULES OF CONSTRUCTION

1.    The word "all" means "any and all," and the word "any" means "any and all";

2.    The term "including" means "including, but not limited to";

3.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope;

4.    The use of the singular form of any word includes the plural and vice versa; and

5.      The use of any tense of any verb shall also include within its meaning all other tenses of that verb.

III.     RELEVANT DEPOSITION TOPICS

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you shall produce a witness or witnesses prepared to testify on its behalf regarding the following topics:

1.      The scope of your relationship with Cox, the work you perform for Cox and the terms of your business with Cox since 2005.

2.      Installation and service of Cox's cable services.

3.      Training conducted by you of your field technicians who perform work for Cox.

4.      Cox's policies, practices and procedures regarding the rental of converter boxes and remote control devices to Persons in California since 2005.

5.      Your policies, practices and procedures regarding the rental of converter boxes and remote control devices to persons in California since 2005.

6.      Cox's policies, practices and procedures regarding the training of Cox's drivers, cable installation technicians, and your drivers and cable installation technicians.

SCHEDULE B

A.    DEFINITIONS

1.    "Affiliate(s)"

The terms "Affiliate" or "Affiliates" shall mean, include and refer to any natural person, public or private corporation, general or limited partnership, joint venture, association, government or governmental entity (including any governmental agency or political subdivision of any government), group, any other form of business or legal organization or arrangement, or other legal entity, including the representatives of any such person or entity, or any person with which You are close in connection, allied, associated with, attached to as a member or branch, effectively control, or are effectively controlled and/or owned by, dependent upon, and/or rely upon.

2.    "Defendant," "You," "Your," "Cox"

The terms "You," "Your," "Defendant," and/or "Cox" shall mean, include and refer to Defendant COX COMMUNICATIONS, INC., individually or in any combination, and any of its Affiliates, affiliated entities, subsidiaries, divisions, subdivisions, predecessors, successors, parents, and their respective officers, directors, employees, partners, representatives, agents, attorneys, accountants or other persons occupying similar positions or performing similar functions.

3.    "Document(s)"

The terms "Document" and/or "Documents" shall mean, include and refer to the originals and any and all copies of any and all WRITINGS, however produced or reproduced, of every kind and description or whatever form (e.g., final and draft versions) in your actual or constructive possession, custody, care or control, including but

DOCS\568682v1                        - 1 -

not limited to memoranda, interoffice communications, reports, studies, forecasts, projects analysis, working papers, charts, expense account reports, ledgers, journals, financial statements, statements of accounts, calendars, appointment books, diaries, drawings, graphs, photographs, videotapes, sound recordings, computer files on disks, tape back-up or other storage media for computer files, electronically stored information, and documents generated by computer or any other tangible things which constitute or contain matters within the scope of California Evidence Code § 250.   The term "Document" and/or "Documents" shall further include originals, or if unavailable, duplicates of or copies of such Documents and all non-identical copies bearing or having as attachments notes or marks which distinguish them from the originals.

4.      "Employee(s)"

The term "Employee" or "Employees" shall mean, refer to and include any person who at any time during the period covered by this Request (whether the person is a current or former employee) acted or purported to act on behalf of another person or persons, including all past and present directors, officers, executives, agents, representatives, attorneys, accountants, independent contractors, contact persons, advisors, and consultants of such other person or persons.

5.      "Class Period"

The word "Class Period" shall mean, refer to and include the period from August 10, 2006, to the present.

B.      INSTRUCTIONS

1.      Whenever a reference to a business entity appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions,

DOCS\568682v1                                  - 2 -

directors, officers, employees, agents, clients or other representatives of affiliated third parties.

2.     Privilege/Redaction Log:  If any Document is within the scope of any Request for Production but is not being produced, or is being produced with portions redacted, pursuant to any claim of privilege, confidentiality, or for any other reason:

(a)     State the nature of the privilege claimed, or other reason for withholding/redacting (i.e. attorney-client privilege, attorney work product, etc.);

(b)     State the name of the Person claiming any privilege and the name of any attorney or other Person with respect to whom the privilege is claimed;

(c)     State all facts which support the withholding and/or redaction of any Document;

(d)     State the name of each Document withheld/redacted; identify the type of each Document withheld/redacted (i.e. letter, memo, etc.); set forth the subject matter of any Document withheld/redacted; identify the Person who prepared any such Document and each Person (if any) who signed it; identify each Person to whom any such Document was directed, circulated or shown; and, identify each Person now in possession of any Document withheld and/or redacted.

(e)     If any Document is produced with one or more redactions, the word "redacted" is to be placed in the redacted section of the Document.

3.     Destruction Log:  In the event that any Document responsive to any of the Requests for Production contained herein has been destroyed, discarded, cannot be

located, or is otherwise unavailable for any reason whatsoever, such Document is to be identified by stating:

        (a)     The nature of any such Document;

        (b)     The addressor and/or addressee of any such Document;

        (c)     Whether there exist any indicated or blind copies;

        (d)     Any such Document's date, subject matter, number of pages, attachments and/or appendices;

        (e)     Each Person to whom any such Document was distributed, circulated, shown or explained;

        (f)     The date any such Document was destroyed or discarded, the manner of destruction or discard; and,

        (g)     Each Person who authorized and/or carried out the destruction and/or discarding of any such Document.

    4.    The Documents to produced pursuant to these Requests for Production specifically embrace, in addition to Documents within Responding Party's possession, custody and/or control, any and all Documents within the possession, custody and/or control of any of Responding Party's agents, accountants, representatives and/or attorneys.  These Requests for Production also encompass originals, copies, revisions and/or iterations of the Documents called for by these Requests for Production, whether such Documents are different from the originals because of notes made thereon or for any other reason whatsoever.

5.     This request shall be deemed continuing.   Any Documents obtained or located after the inspection pursuant hereto, which would have been produced had they been available or their existence known at the time of production, must be supplied forthwith.

DOCUMENTS TO BE PRODUCED

<u>REQUEST FOR PRODUCTION NO. 1</u>:

Any and all Documents which concern, relate or refer to any training Your employees and/or independent contractors working with Cox have received at any time during the Class Period, including without limitation, any and all employee training manuals, memos, policy directives, sales scripts and/or guidelines.

<u>REQUEST FOR PRODUCTION NO. 2</u>:

Any and all Documents which concern, relate or refer to any communication, whether written, electronic, oral, or otherwise, between You and Cox at any time during the Class Period.

<u>REQUEST FOR PRODUCTION NO. 3</u>

Any and all Documents which concern, relate or refer to Your relationship with Cox, your work for Cox and the terms of your business with Cox.

# EXHIBIT 2

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTNI COTTLE-BANKS, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff(s),<br><br>   vs.<br><br>COX COMMUNICATIONS, INC., a Delaware Corporation; and DOES 1 through 100, inclusive, | CASE NO.: CIV-11-256-C |

**AMENDED CLASS ACTION COMPLAINT FOR RESTITUTION AND INJUNCTIVE RELIEF FOR UNLAWFUL BUSINESS PRACTICES (California Business and Professions Code Section 17200); DEMAND FOR JURY TRIAL**

MILBERG LLP
JEFF S. WESTERMAN (*pro hac vice*)
NICOLE M. DUCKETT
One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
(213) 617-1975 (fax)
Email: jwesterman@milberg.com
nduckett@milberg.com

Attorneys for Plaintiff
BRITTNI COTTLE-BANKS

DOCS\565362v1

Comes now Plaintiff BRITTNI COTTLE-BANKS, individually and on behalf of all others similarly situated, and for causes of action against Defendants and each of them, alleges as follows:

## INTRODUCTION

1.     This complaint involves a representative action for restitution and injunctive relief, and is brought by an individual on behalf of herself and on behalf of all other persons in California who, at any time between September 13, 2006, and the present, paid a rental fee to Defendant COX COMMUNICATIONS, INC. ("CCI", "Cox" or "Defendant") for the use of a cable television set top box  (also referred to as a "converter box") and/or remote control device ("remote") in violation of the negative option billing prohibition of the Cable Television Consumer Protection and Competition Act of 1992, 47 U.S.C. §543(f) ("Cable Act").  Cox did not specifically disclose to its customers in California, either orally or in writing, that they would receive a set top box(es) and/or remote for an additional monthly fee in addition to the price of the cable television service they ordered, and further did not disclose the specific cost of each set top box and/or remote.  Further, each such customer did not affirmatively accept, either orally or in writing, his or her set top box(es) and/or remote and/or the price charged, in connection with cable television service they received from Cox within the state of California, and did not affirmatively request by name, either orally or in writing, his or her set top box(es) or remote.

2.     Defendant CCI provides, among other things, cable television service to consumers throughout the state of California.

- 1 -

3.     As part of CCI's cable television service, CCI offers different levels of service, including premium channels such as HBO and Cinemax, as well as Basic and/or Standard Cable service.

4.     CCI's practice of charging customers for converter boxes and remotes without first specifically disclosing to them, either orally or in writing, the equipment offered and the prices to be charged, and without first obtaining its customers' affirmative acceptance of the equipment and prices, is unlawful and in violation of California and federal law as pled more fully herein.

5.     CCI's practice of charging customers for converter boxes and/or remotes without first specifically disclosing to them, either orally or in writing, the equipment offered and the prices to be charged, and without first obtaining its customers' affirmative acceptance of the equipment and prices, violates the Cable Act, 47 U.S.C. §543(f).

6.     Pursuant to California Business and Professions Code Section 17200, *et seq.*, CCI's violation of the Cable Act constitutes an unlawful business practice.

## PARTIES

7.     Plaintiff BRITTNI COTTLE-BANKS ("COTTLE-BANKS" or "Plaintiff") is, and at all times relevant hereto has been, an individual and a resident of San Diego County, California.  Plaintiff ordered and paid a rental fee to CCI for the use of a cable television subscription and one DVR box which served as a set top box.  She was given a remote with the DVR box.  In addition to the DVR box and remote and cable television service, CCI installed an additional converter box in Plaintiff's home and gave her another remote.  CCI later billed Plaintiff a monthly rental fee for the additional converter

- 2 -

box and additional remote.  Prior to billing Plaintiff the rental fees for this converter box and remote, however, CCI never specifically disclosed, orally or in writing, to Plaintiff that she would be receiving this converter box and/or remote, or the price she would be charged for the additional equipment.  Moreover, Plaintiff never affirmatively accepted, orally or in writing, any offer by CCI of the converter box or remote, or the rental fees charged for them.  Plaintiff also did not affirmatively request the converter box or remote by name.  Plaintiff did not become aware of the additional charge for the converter box or remote until after she received her first bill from CCI.  All service and equipment for Plaintiff was provided to her within the state of California.

8.      Defendant CCI is a Delaware corporation, headquartered in Atlanta, Georgia, and authorized to do business in California.  Plaintiff is informed and believes, and on that basis alleges, that CCI provides cable television service to over 100,000 consumers in the state of California, and thus has sufficient contacts with California for this Court to exercise jurisdiction over it.

9.      The true names and capacities of the defendants named herein as DOES 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff who therefore sues such defendants under fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff is informed and believes, and on that basis alleges, that these defendants, DOES 1 through 100, are in some manner or capacity, and to some degree, legally responsible and liable for the damages of which Plaintiff complains.  Plaintiff will seek leave of Court to amend this Complaint to set

- 3 -

forth the true names and capacities of all fictitiously-named defendants within a reasonable time after they become known.

## JURISDICTION AND VENUE

10.     This is a civil action brought under and pursuant to California Business and Professions Code Section 17200, *et seq.* ("UCL").

11.     This Court has jurisdiction over this action pursuant to California Code of Civil Procedure §410.10.

12.     The violations of law alleged in this complaint occurred in San Diego County and elsewhere in California.  This Court has jurisdiction over CCI because it is a corporation that is authorized to conduct, and in fact does conduct, substantial business in the State of California, has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state, through the promotion, sale, marketing, and distribution of its services and products in the state, so as to render the exercise of jurisdiction by California courts permissible under traditional notions of fair play and substantial justice.

13.     The monetary relief which Plaintiff seeks is in excess of the jurisdictional minimum required by this Court and will be established according to proof at trial.

14.     Venue is proper in this Court pursuant to California Code of Civil Procedure §§395 and 395.5 because the unlawful and unfair business practices at issue were performed and/or engaged in within the county of San Diego, California.

- 4 -

15.    Plaintiff is informed and believes, and on that basis alleges, that Defendants CCI and DOES 1 through 100, and each of them, have sufficient contacts with the state of California for this Court to exercise jurisdiction over them.

### FACTUAL ALLEGATIONS

16.    Plaintiff began receiving cable television service from CCI in San Diego County, California in 2008.

17.    Plaintiff paid a rental fee to CCI for the use of one or more converter boxes.

18.    At the time of installation of her cable television service and equipment, CCI installed at least one DVR and one converter box to Plaintiff's television(s) and left her with one remote control device for each box.

19.    CCI never specifically disclosed, orally or in writing, to Plaintiff that she would be receiving the converter box and additional remote, or the price she would be charged for them.  Moreover, Plaintiff never affirmatively accepted, orally or in writing, any offer by CCI of the converter box or remote, or the rental fees charged for them.

20.    In the state of California, when a Cox technician arrives at a home to install Cox cable, that Cox technician works from an internal electronic communication from Cox to the technician.  Other than the User Guide, the Cox technician has no paper and does not present any work order to the customer.  The customer does not review or approve (via signature or otherwise) the price for any equipment, nor does the technician give any customer a work order to review or approve.  The "work order" from Cox to the technician that is on the technician's computer is not presented to the customer.

- 5 -

21.    Plaintiff is informed and believes, and on that basis alleges, that Defendant provides, and has provided, cable television service to over 600,000 persons throughout the state of California at some time during the Class Period.

22.    Plaintiff is further informed and believes, and on that basis alleges, that in California Defendant has charged a significant portion of its cable television service customers monthly rental fees for use of one or more cable converter boxes and/or remotes, despite the fact that Defendant does not specifically disclose to its customers in California, either orally or in writing, that they would receive a converter box(es) and/or remote(s) for an additional monthly fee in addition to the price of the cable television service they ordered, and further did not disclose the specific cost of each converter box and/or remote.   Defendant further does not secure from its customers affirmative acceptance of the equipment offered and the prices to be charged.   Defendant further does not secure from its customers an affirmative request by name for the equipment before charging its customers for that equipment.

23.    Plaintiff is informed and believes, and on that basis alleges, that by virtue of Defendant's unlawful business practices alleged herein, Defendant has received substantial sums of money, and has realized profits from those unlawful practices since September 13, 2006.   Specifically, CCI has a uniform policy and/or practice of charging its cable television service customers monthly rental fees, over and above the fees for their monthly cable television subscription service, for converter boxes and/or remotes, without first specifically disclosing to them, either orally or in writing, the equipment

- 6 -

- 22 -

offered and/or the prices to be charged; and without first obtaining its customers' affirmative acceptance of the equipment and/or prices.

24.   The relief sought in this action is necessary to restore to Plaintiff and to members of the proposed Class the money which Defendant has illegally acquired through the unlawful treatment of Plaintiff and each member of the Class as described herein.   Plaintiff and all Class Members are entitled to restitution of all amounts paid by such persons to CCI throughout the relevant Class Period for the rental of a cable converter box(es) and/or remotes, where CCI did not first specifically disclose to them, either orally or in writing, the equipment offered and the prices to be charged; and/or did not first obtain their affirmative acceptance of the equipment and/or prices   In addition, Plaintiff is entitled to an injunction permanently enjoining Defendant from committing the unlawful conduct alleged herein.

<u>**CLASS ACTION ALLEGATIONS**</u>

25.   The class in this action may be defined as: "All persons who, at any time from September 13, 2006, to the present ("Class Period"), paid a rental fee to CCI for the use of a cable television converter box and/or remote control device in connection with cable television service they received within the state of California" (the "Class").

26.   Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated as a class action pursuant to California Code of Civil Procedure §382.   Each such person has been subject to CCI's uniform and unlawful policy and practice of charging its cable television customers monthly rental fees, over and above the fees for their monthly cable television subscription service, for converter boxes and/or

- 7 -

- 23 -

remotes, without first specifically disclosing to them, either orally or in writing, the equipment offered and/or the prices to be charged, and without first obtaining its customers' affirmative acceptance of the equipment and/or prices.

27.    Plaintiff is a member of the Class.

28.    The number of persons in the Class is so numerous that joinder of all such persons would be impracticable.  While the exact number and identities of all such persons are unknown to Plaintiff at this time, and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that the Class includes over 450,000 persons.

29.    Disposition of Plaintiff's claims in a class action will be of benefit to all parties and to the Court.

30.    There is a well-defined community of interest presented by the Class in that, among other things, each member of the Class has an interest in obtaining appropriate legal relief for the harm of which Plaintiff complains, and obtaining other adequate compensation for the common injuries which Plaintiff and all Class Members have suffered as a result of Defendant's actions.

31.    A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.  Proof of a common or single set of facts will establish the right of each Class Member to recover.  Further, Plaintiff is informed and believes, and on that basis alleges, that the individual claims of each Class Member are so small that, but for a class action, such claims will go

- 8 -

unprosecuted. Consequently, this class action is in the public interest and in the interests of justice.

32.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to individual Class Members which would or may establish incompatible standards of conduct for Defendant.

33.    The prosecution of separate actions by individual Class Members would also create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of other Class Members not parties to the particular individual adjudications, and/or would or may substantially impede or impair the ability of those other members to protect their interests.

34.    Common questions of fact and law exist in this case with respect to the Class which predominate over any questions affecting only individual Class Members and which do not vary between Class Members.

35.    The common questions of fact involved in this case include, without limitation: whether Class Members received cable television service from CCI at any time during the relevant Class Period; whether Class Members paid a rental fee to CCI for the use of a converter box and/or remote during the relevant Class Period; and whether CCI has a common policy and/or practice of charging its cable television customers monthly rental fees, over and above the fees for their monthly cable television subscription service, for converter boxes and/or remotes, without first specifically disclosing to them, either orally or in writing, the equipment offered and/or the prices to

- 9 -

be charged, and without first obtaining its customers' affirmative acceptance of the equipment and/or prices.

36.     The common questions of law involved in this case include, without limitation: whether the imposition of a rental fee for cable converter boxes and/or remotes by CCI under the circumstances alleged is unlawful and in violation of the UCL; and whether Class Members who paid a rental fee to CCI for the use of a cable converter box(es) and/or remotes under the circumstances alleged are entitled to restitution of those monies from CCI.

37.     Plaintiff and each Class Member have been injured economically as a result of a common course of conduct engaged in by Defendant as complained of herein. Plaintiff and each Class Member have lost money and/or property as a result of CCI's unlawful conduct complained of herein.  Specifically, Plaintiff and each Class Member have paid money to CCI for the rental of one or more converter boxes and/or remotes in violation of applicable law.

38.     The claims of the named Plaintiff in this case are typical of those of all other Class Members, in that, among other things, during the Class Period Plaintiff, and every other member of the proposed Class, paid CCI rental fees for one or more cable converter boxes and/or remotes pursuant to the common course of conduct engaged in by Defendant as complained of herein.

39.     The claims of the named Plaintiff are coincident with, and not antagonistic to, the claims of the other Class Members whom she seeks to represent.

40.     The named Plaintiff will fairly and adequately represent and protect the interests of the Class Members whom she seeks to represent.  Plaintiff does not have any interests which are antagonistic to the interests of the proposed Class.

41.     Counsel for Plaintiff are experienced, qualified and fully able to conduct complex class action litigation.

**CAUSE OF ACTION**
**CLAIM FOR UNLAWFUL BUSINESS PRACTICES**
**(California Business and Professions Code Section 17200, *et seq.*)**
**(By Plaintiff on behalf of herself and all other Class Members against All Defendants)**

42.     Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, paragraphs 1 through 41 of this Complaint.

43.     Since September 13, 2006, and at all times relevant hereto, by and through the conduct described herein, Defendant has engaged in unlawful business practices, in violation of California Business and Professions Code Section 17200, *et seq.*, and has thereby deprived Plaintiff and all Class Members of money, and fundamental rights and privileges guaranteed to all consumers under California law.

44.     The acts and conduct of Defendant complained of herein constitute unlawful business practices and/or acts, including, without limitation, the practice of charging Class Members rental fees for use of cable converter boxes and/or remotes without first specifically disclosing to them, either orally or in writing, the equipment offered and/or the prices to be charged, and without first obtaining its customers'

- 11 -

affirmative acceptance of the equipment and/or prices, and without first securing from Class Members an affirmative request by name for the equipment.

45.     At all times relevant to this Complaint, the Cable Act, 47 U.S.C. §543(f), has been in full force and effect, and provides: "A cable operator shall not charge a subscriber for any service or equipment that the subscriber has not affirmatively requested by name.  For purposes of this subsection, a subscriber's failure to refuse a cable operator's proposal to provide such service or equipment shall not be deemed to be an affirmative request for such service or equipment."

46.     CCI charged Plaintiff and each Class Member for one or more converter boxes and/or remotes in violation of 47 U.S.C. §543(f).

47.     Defendant's practice of charging Class Members rental fees for use of converter boxes and/or remotes without first specifically disclosing to them, either orally or in writing, the equipment offered and/or the prices to be charged, and without first obtaining its customers' affirmative acceptance of the equipment and/or prices, and without first securing from Class Members an affirmative request by name for the equipment, violates the Cable Act.  Defendant's violation of the Cable Act constitutes an unlawful business practice in violation of the UCL.

48.     As a result of Defendant's unlawful business practices, Plaintiff and all Class Members have lost money, namely all amounts paid by Plaintiff and such Class Members for rental of equipment pursuant to Defendant's course of conduct alleged herein.

- 12 -

49.    All of the acts complained of herein are unlawful and in violation of the Cable Act and other provisions of law, and thereby constitute unlawful business practices in violation of the UCL.

50.    Plaintiff and all Class Members are entitled to and do seek such relief as may be necessary to restore to them the money which Defendant acquired, or of which Plaintiff and all Class Members have been deprived, by means of the above-described unlawful business practices.

51.    Plaintiff and all Class Members are further entitled to and do seek a declaration that the above described business practices are unlawful, and injunctive relief restraining Defendant from engaging in any of the above-described unlawful business practices in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.    That this action be certified as a class action;

B.    That Plaintiff BRITTNI COTTLE-BANKS be certified as the representative of a class consisting of: "All persons who, at any time from September 13, 2006, to the present, paid a rental fee to CCI for the use of one or more cable television converter boxes and/or remote control devices in connection with cable television service they received within the state of California";

C.    That Plaintiff's counsel be certified as counsel for the class;

- 13 -

D.    That the business practices alleged herein be declared in violation of the public policy of the State of California, including but not limited to California Business and Professions Code Section 17200, *et seq.*;

E.    For a preliminary and permanent injunction to prevent the use or employment by Defendant of each practice alleged herein and found to be an unlawful business practice;

F.    For a further order to restore to Plaintiff and all Class Members (*i.e.*, restitution of) any money which Defendant may have acquired by means of each practice alleged and found herein to be an unlawful business practice;

G.    Awarding pre-and post-judgment interest;

H.    Awarding attorney's fees, expenses and costs; and,

I.    For such other and further relief as this Court may deem just and appropriate.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

DATED:  July 20, 2011                           MILBERG LLP
                                                JEFF S. WESTERMAN (*pro hac vice*)
                                                NICOLE M. DUCKETT


                                                _____*s/ Jeff S. Westerman*_____
                                                JEFF S. WESTERMAN


- 14 -


- 30 -

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
(213) 617-1975 (fax)
jwesterman@milberg.com
nduckett@milberg.com

MILBERG LLP
PEGGY J. WEDGWORTH (*pro hac vice*)
1 Pennsylvania Plaza
New York, NY 10119
Telephone: (646) 515-1269
(212) 868-1229 (fax)
pwedgworth@milberg.com

LAW OFFICE OF CHRISTOPHER J.
MOROSOFF
CHRISTOPHER J. MOROSOFF (*pro hac vice*)
77-735 California Drive
Palm Desert, CA 92211
Telephone: (760) 469-5986
(760) 345-1581 (fax)
cjmorosoff@morosofflaw.com

RAY A. MANDLEKAR, ATTORNEY AT
LAW
RAY A. MANDLEKAR (*pro hac vice*)
27555 Ynez Road, Suite 208
Temecula, CA 92591
Telephone: (951) 200-3427
(951) 824-7677 (fax)
raym@mandlekarlaw.com

Attorneys for Plaintiff
BRITTNI COTTLE-BANKS

- 15 -

HELMS UNDERWOOD & COOK
CONNER L. HELMS
2500 First National Center
120 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 319-0700
(405) 319-9292 (fax)
conner@helmsunderwood.com

Local Counsel for Plaintiff
BRITTNI COTTLE-BANKS

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants.

- **Elizabeth J Barnett**
  elizabeth.barnett@crowedunlevy.com,docket@crowedunlevy.com,lori.morgan@crowedunlevy.com
- **Helen G Guyton**
  hgguyton@mintz.com
- **Conner L Helms**
  Conner@helmsunderwood.com,nkulscar@helmsunderwood.com,recept@helmsunderwood.com
- **Robert G Kidwell**
  rgkidwell@mintz.com,docketing@mintz.com,jcellis@mintz.com
- **Ray A Mandlekar**
  raym@mandlekarlaw.com
- **D Kent Meyers**
  meyersd@crowedunlevy.com,gilleys@crowedunlevy.com,ecf@crowedunlevy.com
- **Christopher J Morosoff**
  cjmorosoff@morosofflaw.com
- **Bruce D Sokler**
  bdsokler@mintz.com,fshort@mintz.com,mwoodland@mintz.com
- **Peggy J Wedgworth**
  pwedgworth@milberg.com
- **Jeff S Westerman**
  jwesterman@milberg.com,nduckett@milberg.com,cchaffins@milberg.com

_____
                        *s/ Cecille Chaffins*
*\* I certify that I have the signed original of this document, which is available for inspection at any time by the Court or a party to this action.*

- 17 -

# EXHIBIT 3

### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | Case No.: 09-ml-2048-C |
| **Cox Enterprises, Inc. Set-Top Cable** | ) | |
| **Television Box Antitrust Litigation** | ) | ___January 2012___ Trial Docket |

### SCHEDULING ORDER

Date__3-21-11_____     Judge_Robin J. Cauthron_____     Clerk___Linda Goode_____

Appearing for Plaintiff _____

Appearing for Defendant _____

Jury Trial Demanded _____X_____        Non-Jury Trial _____

### THE FOLLOWING DEADLINES ARE SET BY THE COURT

1.   Motions to join additional parties to be filed by _____.

2.   Motions to amend pleadings to be filed by ____ _____.

3.   (a) Plaintiff to file a **final** list of **expert witness(es) in chief** and submit to Defendant by March 1, 2011.*

   (b) Defendant to file a **final** list of **expert witness(es) in chief** and submit to Plaintiff by March 31, 2011.*

   (c) Plaintiff to **submit expert reports** to Defendant by May 31, 2011.*

   (d) Defendant to **submit expert reports** to Plaintiff by June 30, 2011.*

4.   Plaintiffs shall file their **Motion for Class Certification** by July 29, 2011.

   Defendant's shall file their **Reply to Plaintiffs' Motion for Class Certification** by August 29, 2011.

   Plaintiffs' shall file their **Reply to Defendant's Reply to Motion for Class Certification** by September 23, 2011.

   Hearing on **Plaintiffs' Motion for Class Certification** will be set with at least 2 weeks notice after the briefing is complete..

5.   (a) Plaintiff to file a **final** list of **witnesses** together with addresses and brief summary of expected testimony where witness has not already been deposed by December 2011/January 2012.*

   (b) Defendant to file a **final** list of **witnesses** (as described above) December 2011/January 2012.*

6.   (a) Plaintiff to file a **final exhibit** list by December 2011/January 2012.* Defendant to file objections to Plaintiff's final exhibit list, under Fed. R. Civ. P. 26(a)(3)(B), by December 2011/January 2012.

   (b) Defendant to file a **final exhibit** within December 2011/January 2012.* Plaintiff to file objections to defendant's final exhibit list, under Fed. R. Civ. P. 26(a)(3)(B), by December 2011/January 2012.

*The listing of witnesses and exhibits shall separately state those expected to be called or used and those which may be called or used it the need arises. Except for good cause shown, no witness shall be permitted to testify and no exhibit will be admitted in any party's case in chief unless such witness or exhibit was included in the party's filed witness or exhibit list.*

7.   Discovery to be completed by September 29, 2011.

8.   All dispositive and *Daubert* motions to be filed by November 14, 2011.

   Responses to dispositive and *Daubert* motions to be filed by December 14, 2011.

If the deadline for dispositive motions and *Daubert* motions precedes the discovery deadline, the parties are expected to conduct any discovery necessary for such motions in advance of the motion deadline.

9.     Trial docket <u>January 2012</u>

**\*\*Trial dockets generally begin the second Monday of each month; however, this practice varies, particularly during holidays. The published trial docket will announce the trial setting.**

The interval between the dispositive motion deadline (¶ 7) and the trial docket (¶ 8) is relatively inflexible. An extension of time to file or respond to a motion for summary judgment will likely affect the trial setting.

10.    Designations of deposition testimony to be used at trial to be filed by _____.

Objections and counter designations to be filed by _____ .

11.    Motions in limine to be filed <u>7 days prior to the pretrial report</u> .

12.    Requested voir dire to be filed <u>7 days prior to the pretrial report.</u>

13.    Trial briefs (optional unless otherwise ordered) to be filed <u>7 days prior to the pretrial report.</u>

14.    Requested jury instructions to be filed on or <u>7 days prior to the pretrial report.</u>\*\*\*

15.    NON-JURY CASES ONLY: Proposed findings and conclusions of law to be filed no later than <u>7 days prior to the pretrial report.</u>\*\*\*

**\*\*\*In addition to filing, the parties are encouraged, but not required, to submit their proposed jury instructions or findings of fact and conclusions of law in WordPerfect format to the Clerk via the Court's designated mail box: cauthron-orders@okwd.uscourts.gov**

16.    Any objection or response to the trial submissions referenced in 10, 11, 12, 13, or 14 to be filed within **fourteen (14) days** thereafter.

17.    The Final Pretrial Report, approved by all counsel, **and in full compliance** with Local Rules (see Appendix IV), together with a proposed order approving the report, to be submitted to the Court by <u>  January 3, 2012  </u>.

18.    This case is referred to the following Court-sponsored ADR/settlement process or special trial track:

_____  by agreement of the parties, with the approval of the Court:
_____  by Order of the Court:

_____  Mediation
_____  Judicial Settlement Conference
_____  Other _____

If the case is referred to mediation or some other form of private ADR, the process shall be completed and a report filed with the Court by the parties, stating whether the case settled, not later than _____.

19.    Except as otherwise specifically ordered by the assigned judge, this case will not be scheduled for a judicial settlement conference unless, not later than ten days after the trial docket is published, the parties file a joint motion requesting a judicial settlement conference. The motion shall contain a certification by counsel that the parties have been advised of the motion and approve its filing. The motion shall further describe in detail the settlement efforts made and dispute resolution techniques previously used in the case.

20. _____   The parties consent to trial by a Magistrate Judge.

21. Initial disclosures pursuant to Fed. R. Civ. P. 26 have been made _____; are excused _____; or shall be made no later than _____.

22. Other: _____
_____
_____

ROBIN J. CAUTHRON
United States District Judge

# EXHIBIT 4

8-23-11

| Attorney or Party without Attorney:<br>PEGGY J. WEDGWORTH, ESQ.<br>MILBERG LLP<br>1 PENNSYLVANIA PLAZA<br>49TH FLOOR<br>NEW YORK, NY 10119<br>Telephone No: 212.594.5300         FAX No: 212.868.1229 | For Court Use Only |
|---|---|
| Attorney for: **Plaintiff** | Ref. No. or File No.: |

Insert name of Court, and Judicial District and Branch Court:

United States District Court, Central District Of California

Plaintiff: BRITTNI COTTLE-BANKS, ET AL.

Defendant: COX COMMUNICATIONS, INC., ET AL.

| **PROOF OF SERVICE**<br>**SUBPOENA** | Hearing Date:<br>Fri, Sep. 02, 2011 | Time:<br>10:00AM | Dept/Div: | Case Number:<br>CIV-11-256-C |
|---|---|---|---|---|

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION.

3. *a. Party served:*         PRATT COMMUNICATIONS, INC.
    *b. Person served:*      "Jane Doe", Receptionist, Caucasian, Female, 45 Years Old, Dark Brown Hair, 5
                             Feet 7 Inches, 130 Pounds

4. *Address where the party was served:*     2913 TECH CENTER DRIVE
                                          SANTA ANA, CA 92705

5. *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
       process for the party (1) on: Mon., Aug. 22, 2011 (2) at: 3:35PM
    *b. I received this subpena for service on:*         Friday, August 19, 2011

6. *Witness fees were not demanded or paid.*

7. **Person Who Served Papers:**                            Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. Thomas Gatewood               d.    **The Fee** for Service was:     $327.00

                                        e.    I am: (3) registered California process server

**First Legal**
301 Civic Center Drive West
Santa Ana, CA 92701
Telephone    (714) 541−1110
Fax            (714) 541−8182
www.firstlegalnetwork.com

                                               *(i)*    Independent Contractor
                                               *(ii)*   *Registration No.:*     2153
                                               *(iii)* *County:*          Orange

8. *I declare under penalty of perjury under the laws of the State of California and under the laws of the United States Of*
   *America that the foregoing is true and correct.*
   Date: Tue, Aug. 23, 2011

                                                             *Thomas Gatewood*

Judicial Council Form                    PROOF OF SERVICE
Rule 2.150.(a)&(b) Rev January 1, 2007           SUBPOENA           (Thomas Gatewood)     *5010975.milll.389158*

# EXHIBIT 5



1   RUSSELL J. THOMAS, JR., SBN85326
2   **LAW OFFICE OF RUSSELL J. THOMAS, JR.**
    4121 Westerly Place, Suite 101
    Newport Beach, California 92660
3   Tel: 949.752.0101, Fax: 949.257.4756
    Email: rthomas@emplmntattorney.com
4   Attorney for Deponent.
    PRATT COMMUNICATIONS, INC.
5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  BRITTINI COTTLE-BANKS, ET AL.          Civil Action No. CIV-11-256-C

12              Plaintiff,                 (Action Pending in
                                           Western District of Oklahoma)
13  v.
                                           **OBJECTION OF DEPONENT PRATT**
14  COX COMMUNICATIONS, INC., ET AL.,      **COMMUNICATIONS, INC. TO**
                                           **SUBPOENA TO TESTIFY AT A**
15              Defendant.                 **DEPOSITION IN A CIVIL ACTION**

16

17                                         Date:  September 2, 2011
                                           Time:  10:00 a.m.
18                                         Loc:  300 S. Grand Avenue, Suite 3900, Los
                                           Angeles, CA  92705
19

20

21

22

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

---

                            -1-
         OBJECTION TO SUBPOENA TO TESTIFY AT DEPOSITION

Pratt Communications, Inc., the deponent in the above entitled matter, by and through its agent, Kevin Pratt, hereby objects to the Subpoena To Testify At Deposition In A Civil Action (hereinafter "Deposition") and the attachments thereto, on the grounds that:

 (1)  He has not received reasonable notice of this Deposition within the meaning of Rule (30(b)(1), of the Federal Rules of Civil Procedure, and

 (2)  The Request for Production of Documents accompanying the Subpoena is overbroad, burdensome, vague, and oppressive.

DATED:  August 28, 2011    LAW OFFICE OF RUSSELL J. THOMAS, JR.

          By: *Russell J. Thomas*

          RUSSELL J. THOMAS, JR.
          Attorneys for Deponent,
          COX COMMUNICATIONS, INC.

Law Office of Russell J. Thomas, Jr.
4121 Westerly Place, Suite 101
Newport Beach, California 92660
Tel: 949.752.0101
Fax: 949.257.4756

-2-
OBJECTION TO SUBPOENA TO TESTIFY AT DEPOSITION

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE             )

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 4121 Westerly Place, Suite 101, Newport Beach, California 92660.

On **August 28, 2011,** I served the foregoing document(s) described as **OBJECTION OF DEPONENT PRATT COMMUNICATIONS, INC. TO SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

### SEE SERVICE LIST ATTACHED

[ ] Mail) As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Newport Beach, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ X ]   (By Electronic Mail) As follows:  I caused the above-referenced document(s) to be transmitted to the persons on the attached service.

[ ]   (By Facsimile) As follows:  I caused the above-referenced document(s) to be transmitted to the persons on the attached service.

[ ]   (By Overnight Mail) As follows:  I caused the above-referenced document(s) to be delivered to the persons on the attached service list by overnight delivery service, morning delivery.

[ ]   (By Personal Service) As follows:  By hand to the office of the addressee noted on the attached service list.

Executed on August 28, 2011, at Newport Beach, California.

[ ]   (State)  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ X ]   (Federal)  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

June Thomas

PROOF OF SERVICE

1

**SERVICE LIST**

2

3   Peggy J. Wedgworth
    Milberg LLP
4   1 Pennsylvania Plaza
    New York, NY  10119
5   (646) 515-1269
    pwedgworth@milberg.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Office of Russell T. Thomas, Jr.
4121 Westerly Place, Suite 101
Newport Beach, California 92660
Tel: 949.752.0101
Fax: 949.257.4756

PROOF OF SERVICE

# EXHIBIT 6

## Kupillas, Matthew

| | |
|---|---|
| **From:** | Kupillas, Matthew |
| **Sent:** | Wednesday, September 14, 2011 10:53 AM |
| **To:** | 'RThomas@EmplmntAttorney.com' |
| **Subject:** | Cottle-Banks v. Cox Communications, Inc. - Subpoena to Sunshine Communications |
| **Attachments:** | Cox - Amended Supersending 3rd Party Protective Ord 1-14-11.PDF |

Dear Mr. Thomas,

Following our conversation on Monday, I have gone ahead and substantially narrowed the deposition topics and document requests for the subpoena to Sunshine Communications in the above-referenced matter. I believe that these narrowed requests address your concerns, as expressed on Monday's call. Here are the proposed narrowed topics:

**<u>Deposition Topics:</u>**

1.      The general scope of your relationship with Cox and the general types of work you performed for Cox during the Class Period.

2.      Your (including without limitation your field technicians' and other employees') communications during the Class Period with Cox's customers in California regarding the price (s) of Cox's cable equipment.

3.      Your policies, practices and procedures during the Class Period concerning your (including without limitation your field technicians' and other employees') communications with Cox's customers in California regarding the price(s) of Cox's cable equipment.

4.      Training conducted by you during the Class Period concerning your (including without limitation your field technicians' and other employees') communications with Cox's customers in California regarding the price(s) of Cox's cable equipment.

5.      Your knowledge and understanding of Cox's policies, practices and procedures during the Class Period concerning your (including without limitation your field technicians' and other employees') communications with Cox's customers in California regarding the price(s) of Cox's cable equipment.

6.      Your knowledge and understanding of Cox's policies, practices and procedures during the Class Period concerning the training or instruction of your field technicians and other employees with respect to communications with Cox's customers in California regarding the price(s) of Cox's cable equipment.

**<u>Document Requests:</u>**

1.      All documents which concern, relate or refer to any training or instruction your field technicians and other employees received at any time during the Class Period, either from you or from Cox, concerning communications between your employees and Cox's customers in California regarding the price(s) of Cox's cable equipment.

2.      All communications between you and Cox during the Class Period concerning communications between you (including without limitation your field technicians and other employees) and Cox's customers in California regarding the price(s) of Cox's cable equipment.

9/20/2011

3.     All documents which you (including without limitation your field technicians and other employees) provided or showed to Cox's customers in California during the Class Period concerning the price(s) of Cox's cable equipment.

4.     Ten (10) sample work orders/service orders for the installation and/or servicing of Cox's cable equipment in California for each calendar year during the Class Period

To the extent that any responsive documents contain sensitive personal information of your customers or Cox's customers, Plaintiff does not object to the redaction of that personal information prior to production. Also, to the extent that any responsive documents contain trade secrets or other sensitive commercial information, those documents may be designated as "Confidential - Outside Counsel's Eyes Only" pursuant to the Amended Superseding Third-Party Protective Order entered in this action on January 14, 2011, which sets forth restrictions on the disclosure of documents containing trade secrets or other sensitive commercial information. A copy of that protective order is attached to this email.

Please let me know if these narrowed topics are acceptable to you. Either way, please get back to me as soon as possible so we can discuss moving ahead with the subpoena. My direct # is 212-613-5697. Thanks very much.

Regards,
Matt Kupillas

Matthew A. Kupillas
Attorney at Law

 MILBERG LLP

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T  212.613.5697
F  212.273.4331
mkupillas@milberg.com

  

9/20/2011

## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

In re:                  )
                           )
COX ENTERPRISES, INC.,  )
SET-TOP CABLE TELEVISION  )   MDL No.. 09-02048-C
BOX ANTITRUST LITIGATION  )

### AMENDED SUPERSEDING THIRD-PARTY PROTECTIVE ORDER

This Superseding Protective Order ("Superseding Protective Order") supercedes the Supplemental Protective Order entered in this case on August 20, 2010 (the "Supplemental Third-Party Protective Order") and governs any documents or information that are subject to a subpoena, a request for production or inspection, or any other means of discovery, or any portion thereof, directed at a third-party that are produced in association with that discovery request and designated as confidential by the third party. The third party asserting such confidentiality designations is referred to herein as the "Designating Third Party."  Counsel of record for the party requesting discovery from a third party will receive all documents produced by the Designating Third Party, including documents designated as confidential, and will be referred to herein as "Receiving Counsel of Record."

IT IS HEREBY ORDERED as follows:

1.    A Designating Third Party may designate documents for protection as "CONFIDENTIAL" in accordance with the terms of Paragraph No. 1 of the March 2010 Stipulated Protective Order.  Designating Third Parties may furthermore designate documents for protection as "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" as set forth below.

2.    The   designation   of   "CONFIDENTIAL"   and "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" documents shall be made by a Designating Third Party in accordance with the terms of Paragraph No. 2 of the March 2010 Stipulated Protective Order.   Additionally, however, the designation of confidential documents marked "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" shall only encompass documents that contain trade secrets or sensitive commercial information that would unreasonably hinder the Designating Third Party's business interests if shown to a competitor.   That designation can be made by placing or affixing said phrase on the document in a manner which will not interfere with its legibility.    Documents   designated    "CONFIDENTIAL"   or "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" shall be referred to herein as "Designated Third Party Documents."   Such Designated Third Party Documents, information contained therein, and testimony pertaining to Designated Third Party Documents and information contained therein, shall be referred to herein as "Protected Third Party Information."

3.    Protected Third Party Information that is marked "CONFIDENTIAL" may be disclosed only to the following persons:

a.    Receiving Counsel of Record and employees of such counsel tasked with working on the matter;

b.    Counsel of record for other parties in the case ("Non-receiving Counsel of Record") and employees of such counsel tasked with working on the matter;

2

c.    Plaintiffs and Defendants to the extent allowed in Paragraphs 3(a) and (b) of the March 2010 Stipulated Protective Order;

d.    Under seal to the Court and the Court's employees and staff;

e.    Bona fide experts and consultants retained by either the Receiving or Non-receiving Counsel of Record whose assistance Receiving or Non-receiving Counsel of Record deems necessary for purposes of litigating this action, provided that those experts or consultants are not presently an employee of a competitor of the Designating Third Party and do not anticipate becoming such an employee in the near future, and that Receiving or Non-receiving Counsel of Record verifies to the Designating Third Party that a given expert or consultant satisfies the foregoing criteria.  If an expert or consultant does not satisfy that criteria, and Receiving or Non-receiving Counsel of Record wish to use Protected Third Party Information in conjunction with that expert or consultant, Receiving or Non-receiving Counsel of Record shall provide the Designating Third Party with the expert's or consultant's resume and inform the Designating Third Party of the Protected Third Party Information that they wish to use.  If the Designating Third Party and the Receiving or Non-receiving Counsel of Record do not reach an agreement regarding the use of the Protected Third Party information, the Receiving or Non-receiving Counsel of Record may move the Court seeking permission to use that information in conjunction with the expert or consultant in question, but will not use that information unless and until the Court grants permission.  The Designating Third Party may not unreasonably make different determinations regarding the use of its Protected Third Party Information by the Receiving Counsel of Record, as compared to the Non-receiving Counsel of Record;

f.    Party or non-party witnesses or deponents for purposes of litigating this action that are mutually agreed upon in writing by the Designating Third Party and the Receiving or Non-receiving Counsel of Record prior to disclosure.  If the Designating Third Party and the Receiving or Non-receiving Counsel of Record do not reach such an agreement regarding the use of Protected Third Party information, the Receiving or Non-receiving Counsel of Record may move the Court seeking permission to use that information in conjunction with the witness or deponent in question, but will not use that information unless and until the Court grants permission. The Designating Third Party may not unreasonably make different determinations regarding the use of its Protected Third Party Information by the Receiving Counsel of Record, as compared to the Non-receiving Counsel of Record;

3

g.    A deponent or witness employed by or from the Designating Third Party;

h.    The project manager and staff of copy service or document duplication companies engaged for the limited purpose of making copies or images of documents;

i.    Court reporters taking official testimony in this action; and

j.    Any other person mutually agreed upon in writing by the Designating Third Party and the Receiving or Non-receiving Counsel of Record prior to disclosure.

4.    Protected "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY"

information may be disclosed only to the following persons:

a.    Receiving Counsel of Record and employees of such counsel tasked with working on the matter;

b.    Non-receiving Counsel of Record and employees of such counsel tasked with working on the matter;

c.    Under seal to the Court and the Court's employees and staff;

d.    Bona fide experts and consultants retained by either the Receiving or Non-receiving Counsel of Record whose assistance Receiving or Non-receiving Counsel of Record deems necessary for purposes of litigating this action, provided that those experts or consultants are not presently an employee of a competitor of the Designating Third Party and do not anticipate becoming such an employee in the near future, and that Receiving or Non-receiving Counsel of Record verifies to the Designating Third Party that a given expert or consultant satisfies the foregoing criteria.  If an expert or consultant does not satisfy that criteria, and Receiving or Non-receiving Counsel of Record wish to use Protected Third Party Information in conjunction with that expert or consultant, Receiving or Non-receiving Counsel of Record shall provide the Designating Third Party with the expert's or consultant's resume and inform the Designating Third Party of the Protected Third Party Information that they wish to use.  If the Designating Third Party and the Receiving or Non-receiving Counsel of Record do not reach an agreement regarding the use of the Protected Third Party information, the Receiving or Non-receiving Counsel of Record may move the Court seeking permission to use that information in conjunction with the expert or consultant in question, but will not use that information

4

unless and until the Court grants permission.  The Designating Third Party may not unreasonably make different determinations regarding the use of its Protected Third Party Information by the Receiving Counsel of Record, as compared to the Non-receiving Counsel of Record;

e.   Party or non-party witnesses or deponents for purposes of litigating this action that are mutually agreed upon in writing by the Designating Third Party and the Receiving or Non-receiving Counsel of Record prior to disclosure.  If the Designating Third Party and the Receiving or Non-receiving Counsel of Record do not reach such an agreement regarding the use of the Protected Third Party information, the Receiving or Non-receiving Counsel of Record may move the Court seeking permission to use that information in conjunction with the witness or deponent in question, but will not use that information unless and until the Court grants permission.  The Designating Third Party may not unreasonably make different determinations regarding the use of its Protected Third Party Information by the Receiving Counsel of Record, as compared to the Non-receiving Counsel of Record;

f.   A deponent or witness employed by or from the Designating Third Party;

g.   The project manager and staff of copy service or document duplication companies engaged for the limited purpose of making copies or images of documents;

h.   Court reporters taking official testimony in this action; and

i.   Any other person mutually agreed upon in writing by the Designating Third Party and the Receiving or Non-receiving Counsel of Record prior to disclosure.

5.   Before disclosing any Protected Third Party Information designated "CONFIDENTIAL" and/or "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" to a person described in Paragraphs 3 and 4 above (other than those in Paragraph Nos. 3(a), 3(b), 3(d) and 4(a), 4(b) and 4(c) of this Superseding Protective Order), counsel shall advise said person of the terms of this Superseding Protective Order, shall provide a copy of this Superseding Protective Order, and shall instruct said person to execute an

5

"Acknowledgement of Understanding and Agreement to be Bound" in the form attached hereto as Exhibit 1 and be bound by the terms of this Superseding Protective Order. The original copy of each executed Acknowledgement shall be maintained by the Receiving Counsel of Record, or the Non-Receiving Counsel of Record, depending on which party requests the disclosure, and shall be made available to the Designating Third Party or the Court upon request. The Parties will exercise good faith efforts to enforce the terms of this Superseding Protective Order, including, but not limited to providing the Producing Third Party and the Court, as well as Non-Receiving Counsel of Record, with a list of all recipients of Protected Information at reasonable intervals.

6.    With regard to related cases, except as may be agreed to between the Designating Third Party and Receiving or Non-receiving Counsel of Record, Protected Third Party Information may be used by Receiving or Non-Receiving Counsel of Record only for the purpose of prosecuting and/or defending this action. The Designating Third Party may not unreasonably make different agreements regarding such other use of its Protected Third Party Information by the Receiving Counsel of Record, as compared to the Non-receiving Counsel of Record.

7.    Any person or firm to whom Protected Third Party Information is to be disclosed shall first be advised that, pursuant to this Superseding Protective Order, such person or firm may not divulge any such Protected Third Party Information to any other person or entity. In the event that any Protected Third Party Information is to be included with or in any pleading, motion or other paper filed with the Court, the Counsel of Record wishing to include or attach the Protected Third Party Information, pursuant to applicable

6

local rules, shall take reasonable steps to ensure that Protected Third Party Information remains protected, including taking all measures to ensure that the documents and/or information are submitted to the Court under seal, and kept under seal by the Clerk, and reviewed only *in camera*, until further order of the Court.

8.    The Receiving or Non-receiving Counsel of Record may, at any time within ninety (90) days after production of Protected Third Party Information, object to such designation by notifying the Designating Third Party in writing of that objection and specifying the material or information to which the objection is made; provided that the Receiving Counsel of Record must ensure that the Non-Receiving Counsel of Record receives any production from the Designating Third-Party within five (5) days of its own receipt and that if the Non-receiving Counsel of Record so requests, the Receiving Counsel of Record will raise any objections, as set forth in this paragraph, on behalf of the Non-Receiving Counsel of Record.   The Receiving or Non-receiving Counsel of Record and the Designating Third Party shall, within fifteen (15) days of service of the written objections, confer in good faith concerning the objection.   If the objection is not resolved, the Receiving or Non-Receiving Counsel of Record objecting to the confidential designation may, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material in this Court.   If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation, however, nothing in this Order shall shift the burden of proving confidentiality from that normally applied by courts pursuant to the Federal Rules of Civil Procedure.   Additionally, nothing in this Order shall require disclosure of

7

information which is protected by the attorney-client privilege, work product immunity or other privilege or immunity.

9.       If a Designating Third Party becomes aware that it has inadvertently produced information or materials that are protected by the attorney-client privilege, work product immunity, or other privilege or immunity, the Designating Third Party should promptly notify Receiving Counsel of Record in writing of the inadvertent production.

   a.      Once Receiving Counsel of Record receives notice of the inadvertent production, it shall gather up copies of the inadvertently produced information and materials and promptly secure and make no further use of such inadvertently produced information and materials.  Within ten (10) business days after the Receiving Counsel of Record receives notice of the inadvertent production, it must delete or return all copies of the inadvertently produced document to the Designating Third Party, and the Designating Third Party must provide a privilege log entry for the information and materials.

   b.      If the inadvertently produced documents were part of a larger production of documents produced on electronic media, the Designating Third Party may re-produce the production of documents to each Receiving Counsel of Record after removing the inadvertently produced documents.

   c.      Nothing herein shall prevent the Receiving Counsel of Record from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.

10.      If Protected Third Party Information will be discussed or disclosed at a deposition in this case, Counsel of Record for the party introducing Protected Third Party Information will exclude from the deposition any person other than the deponent and other qualified persons set forth in Paragraphs 3 and 4 and will designate the deposition, or any portion thereof, as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY."  Those portions of the deposition transcript so designated

8

and any confidential documents that are marked as exhibits to the deposition shall be subject to the terms of this Superseding Protective Order.

11.     Upon the termination of this action, counsel for the Receiving Counsel of Record shall certify in writing to the Designating Third Party that all Protected Third Party Information and all copies thereof have been destroyed.  Notwithstanding the above requirements to destroy Protected Third Party Information, counsel may retain attorney work product containing Protected Third Party Information subject to the terms of this Superseding Protective Order.

**IT IS SO ORDERED BY THE COURT:**

Dated: January 14, 2011

ROBIN J. CAUTHRON
United States District Judge

AGREED AS TO FORM AND
SUBSTANCE BY:

/s/ A. Daniel Woska
*(signed by filing attorney with permission of attorney)*
A. Daniel Woska, OBA # 9900
A. Daniel Woska & Associates, P.C.
3037 N.W. 63 rd Street, Suite 251
Oklahoma City, Oklahoma 73116
Telephone: (405) 562-7771
Facsimile: (405) 285-9350
E-mail: awoska@woskalawfirm.com
*Liaison Counsel for All Plaintiffs*

9

/s/ D. Kent Meyers
D. Kent Meyers, OBA # 6168
CROWE & DUNLEVY, PC
20 North Broadway, Suite 1800
Oklahoma City, OK 73102
Telephone: (405) 235-7729
Facsimile: (405) 272-5245
E-mail: kent.meyers@crowedunlevy.com

Bruce D. Sokler
Robert G. Kidwell
Helen Gerostathos Guyton
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY
  AND POPEO, P.C.
701 Pennsylvania Ave., NW, Suite 900
Washington, DC  20004
Telephone:  (202) 434-7303
Facsimile:  (202) 434-7400
E-mail: bdsokler@mintz.com
        rgkidwell@mintz.com
        hgguyton@mintz.com


Counsel for Defendants
Cox Communications, Inc.

10

# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

In re:                                    )
                                          )
COX ENTERPRISES, INC.,                    )
SET-TOP CABLE TELEVISION                  )     MDL No.. 09-02048-C
BOX ANTITRUST LITIGATION                  )

## ACKNOWLEDGEMENT OF UNDERSTANDING AND
## AGREEMENT TO BE BOUND

The undersigned agrees:

I hereby attest to my understanding that documents designated "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" are provided to me subject to a Superseding Protective Order in the above-captioned litigation, that I have been given a copy of and have read this Superseding Protective Order, and that I agree to be bound by its terms. I also understand that my execution of this Acknowledgement and Understanding of Agreement to be Bound, indicating my agreement to be bound by the Superseding Protective Order, is a prerequisite to my review of any documents, materials or things designated as "CONFIDENTIAL" or "CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY" pursuant to the Superseding Protective Order.

I further agree that I shall not disclose to others, except in accordance with the Superseding Protective Order, any Protected Third Party Information in any form whatsoever and that such Protected Third Party Information may be used only for the purposes authorized by the Superseding Protective Order.


EXHIBIT "1"


1

I further agree and attest to my understanding that my obligation to honor the confidentiality of such Protected Third Party Information will continue even after this litigation concludes.

I further agree that, if I fail to abide by terms of the Superseding Protective Order, I will be subject to the jurisdiction of this Court for the purpose of any proceedings relating to enforcement of the Superseding Protective Order.

Date:_____    By:_____

_____
(Print name)

Subscribed and sworn to before me this _____day of _____, 2011.

_____
Notary Public

2

# EXHIBIT 7

## Kupillas, Matthew

| | |
|---|---|
| **From:** | Kupillas, Matthew |
| **Sent:** | Friday, September 16, 2011 4:03 PM |
| **To:** | 'RThomas@EmplmntAttorney.com' |
| **Subject:** | RE: Cottle-Banks v. Cox Communications, Inc. - Subpoena to Pratt Communications |

Dear Mr. Thomas,

I am writing to memorialize our telephone conversation this afternoon, in which you informed me that your client (Pratt Communications, Inc.) will not appear for a deposition and will not produce documents in response to the subpoena issued in the above-referenced matter.  (My e-mail from Wednesday, shown below, incorrectly identified your client as Sunshine Communications.  I apologize for the error.).

Please be advised that plaintiff's counsel intends to file a motion to compel compliance with the subpoena early next week.  I will consider our phone conversation today to be our "meet-and-confer" discussion with regard to the motion to compel.

Regards,
Matt Kupillas

---

**From:** Kupillas, Matthew
**Sent:** Wednesday, September 14, 2011 10:53 AM
**To:** 'RThomas@EmplmntAttorney.com'
**Subject:** Cottle-Banks v. Cox Communications, Inc. - Subpoena to Sunshine Communications

Dear Mr. Thomas,

Following our conversation on Monday, I have gone ahead and substantially narrowed the deposition topics and document requests for the subpoena to Sunshine Communications in the above-referenced matter.  I believe that these narrowed requests address your concerns, as expressed on Monday's call. Here are the proposed narrowed topics:

**Deposition Topics:**

1.      The general scope of your relationship with Cox and the general types of work you performed for Cox during the Class Period.

2.      Your (including without limitation your field technicians' and other employees') communications during the Class Period with Cox's customers in California regarding the price(s) of Cox's cable equipment.

3.      Your policies, practices and procedures during the Class Period concerning your (including without limitation your field technicians' and other employees') communications with Cox's customers in California regarding the price(s) of Cox's cable equipment.

4.      Training conducted by you during the Class Period concerning your (including without limitation your field technicians' and other employees') communications with Cox's customers in California regarding the price(s) of Cox's cable equipment.

5.      Your knowledge and understanding of Cox's policies, practices and procedures during the Class Period concerning your (including without limitation your field technicians' and other employees') communications with Cox's customers in California regarding the price(s) of Cox's cable equipment.

9/20/2011

6.      Your knowledge and understanding of Cox's policies, practices and procedures during the Class Period concerning the training or instruction of your field technicians and other employees with respect to communications with Cox's customers in California regarding the price(s) of Cox's cable equipment.

**Document Requests:**

1.      All documents which concern, relate or refer to any training or instruction your field technicians and other employees received at any time during the Class Period, either from you or from Cox, concerning communications between your employees and Cox's customers in California regarding the price(s) of Cox's cable equipment.

2.      All communications between you and Cox during the Class Period concerning communications between you (including without limitation your field technicians and other employees) and Cox's customers in California regarding the price(s) of Cox's cable equipment.

3.      All documents which you (including without limitation your field technicians and other employees) provided or showed to Cox's customers in California during the Class Period concerning the price(s) of Cox's cable equipment.

4.      Ten (10) sample work orders/service orders for the installation and/or servicing of Cox's cable equipment in California for each calendar year during the Class Period

To the extent that any responsive documents contain sensitive personal information of your customers or Cox's customers, Plaintiff does not object to the redaction of that personal information prior to production.  Also, to the extent that any responsive documents contain trade secrets or other sensitive commercial information, those documents may be designated as "Confidential - Outside Counsel's Eyes Only" pursuant to the Amended Superseding Third-Party Protective Order entered in this action on January 14, 2011, which sets forth restrictions on the disclosure of documents containing trade secrets or other sensitive commercial information.  A copy of that protective order is attached to this email.

Please let me know if these narrowed topics are acceptable to you.  Either way, please get back to me as soon as possible so we can discuss moving ahead with the subpoena.  My direct # is 212-613-5697.  Thanks very much.

Regards,
Matt Kupillas


Matthew A. Kupillas
Attorney at Law

 **MILBERG** LLP

One Pennsylvania Plaza, 49th Floor
New York, NY 10119
T  212.613.5697
F  212.273.4331
mkupillas@milberg.com

  website


9/20/2011

Page 3 of 3

9/20/2011

# EXHIBIT 8

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: COX ENTERPRISES, INC., SET-TOP CABLE
TELEVISION BOX ANTITRUST LITIGATION

| | | |
|---|---|---|
| Brittni Cottle-Banks v. Cox Communications, Inc., et al. | ) | |
| S.D. California, C.A. No. 3:10-2133 | ) | MDL No. 2048 |

TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in this Southern District of California action move, pursuant to Rule 7.1, to vacate our order conditionally transferring the action to the Western District of Oklahoma for inclusion in MDL No. 2048.  Defendants involved in MDL No. 2048[1] oppose the motion.

After reviewing the argument of counsel, we find that this action involves common questions of fact with the actions in this litigation previously transferred to the Western District of Oklahoma, and that transfer of this action to the Western District of Oklahoma for inclusion in MDL No. 2048 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Both plaintiff and defendants make compelling arguments in favor of their positions.  In our original order directing centralization in this docket, we held that the Western District of Oklahoma was an appropriate Section 1407 forum for actions involving allegations that Cox improperly tied and bundled the lease of cable boxes to the ability to obtain premium cable services in violation of Section 1 of the Sherman Antitrust Act.  *See In re Cox Enterprises, Inc., Set-Top Cable Television Box Antitrust Litig.*, 626 F.Supp.2d 1343 (J.P.M.L. 2009).  The present action does not make similar antitrust allegations, and plaintiff argues that the conditional transfer order should be vacated on this basis.  Plaintiff instead alleges that Cox fails to obtain affirmative requests by name for a cable box

---

[*]     Judge Kathryn H. Vratil took no part in the decision of this matter.

[1]     Cox Enterprises, Inc.; Cox Communications, Inc.; Cox Communications Louisiana, LLC; Cox Communications New Orleans, Inc.; CoxCom, Inc.; Cox Communications NCC, Inc.; Cox Communications Gulf Coast, L.L.C.; Cox Communications Louisiana, Inc.; Cox Communications Las Vegas, Inc. (d/b/a Cox Communications); Cox Nevada Telecom, LLC; CoxCom, Inc. (d/b/a Cox Communications Arizona); Cox Communications Holdings, Inc.; and Cox Communications EBD Holdings Inc. (collectively Cox).  The present action names only Cox Communications, Inc. as a defendant.

-2-

and/or remote control device prior to charging a rental fee for such equipment, and such practices violate the Cable Television Consumer Protection and Competition Act of 1992 and California consumer protection law.

While litigation of these different claims will likely involve some unique questions of fact and separate discovery issues, we are persuaded that this action shares sufficient questions of fact with MDL No. 2048 such that the parties, witnesses, and the judiciary would benefit from centralized pretrial proceedings. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer. *See, e.g., In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, 536 F.Supp.2d 1380, 1382 (J.P.M.L. 2008). Cox argues that, at the heart of both the present action and MDL No. 2048 is an allegation that, in connection with the provision of cable services, Cox charges its customers a rental fee for a particular brand of set-top box without asking them or giving them the opportunity to use or buy their own set-top box. We find this argument persuasive. On the other hand, defendants have not provided specific examples of how discovery in this action will overlap with discovery in MDL No. 2048. Therefore, if the transferee judge determines that remand of this action is appropriate, procedures are available to accomplish this with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

We are persuaded that the operative scheduling order in MDL No. 2048 allows the parties sufficient time to benefit from shared discovery. The transferee judge also can accommodate common and individual discovery tracks concurrently.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Western District of Oklahoma and, with the consent of that court, assigned to the Honorable Robin J. Cauthron for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| David R. Hansen | W. Royal Furgeson, Jr. |
| Frank C. Damrell, Jr. | Barbara S. Jones |
| Paul J. Barbadoro | |

# EXHIBIT C

LODGED

2011 SEP 21  PM 3: 07
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

1
2
3
4
5
6
7
8
9      UNITED STATES DISTRICT COURT
10      CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| BRITTNI COTTLE-BANKS,<br><br>                    Plaintiff,<br><br>        v.<br><br>PRATT COMMUNICATIONS, INC.,<br><br>                    Defendant. | Case No. SACV11-1457 AG (ANx)<br><br>Pending in Western District of<br>Oklahoma - Case No. CIV-11-256-C<br><br>[PROPOSED] ORDER TO<br>PLAINTIFF'S MOTION TO COMPEL<br>PRODUCTION OF DOCUMENTS<br>AND FED. R. CIV. P. 30(b)(6)<br>DEPOSITION TESTIMONY FROM<br>PRATT COMMUNICATIONS, INC.<br><br>DATE:      TBD<br>TIME:      TBD<br>CTRM.:     TBA<br>JUDGE:     TBA<br><br>Discovery Cutoff: September 29, 2011<br>Pretrial Conference Date: Not set<br>Trial Date: January 2012 |

ORDER RE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND
FED. R. CIV. P. 30(b)(6) DEPOSITION TESTIMONY FROM PRATT COMMUNICATIONS, INC.

DOCS\572232v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

After consideration of Plaintiff's Motion to Compel Production of Documents and Fed. R. Civ. P. 30(b)(6) Deposition Testimony From Pratt Communications, Inc., and the papers filed therewith,

IT IS HEREBY ORDERED that the Plaintiff's motion is granted and Pratt Communications, Inc. is ordered to produce documents responsive to the Requests and designate its most knowledgeable representative to testify on its behalf for a deposition within 14 days of this Order.

IT IS SO ORDERED.

_____

UNITED STATES DISTRICT COURT JUDGE

1

DOCS\572232v1

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) | **DEFENDANTS** |
|---|---|
| BRITTNI COTTLE-BANKS | PRATT COMMUNICATIONS, INC. |

| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jeff S. Westerman; Nicole M. Duckett<br>Milberg LLP, 300 S. Grand Avenue, Suite 3900, Los Angeles, CA 90071<br>(213) 617-1200 | Russell J. Thomas, Jr.<br>Law Office of Russell J. Thomas, Jr.<br>4121 Westerly Place, Suite 101, Newport Beach, CA 92660<br>(949) 752-1010 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fed. R. Civ. 45; Enforce Subpoena

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____   SACV 11-1457

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                    CIVIL COVER SHEET                                    Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:**  Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:**  Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                                ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                                ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                                ☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | San Diego |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange |  |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):                              Date  September 21, 2011

   **Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
   or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
   but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |